GEORGE .H. SHARP vs. DANIEL D. MERRILL.

October 18, 1889.

Statute—Omission in Enrolled Bill.—An omission of words from an enrolled bill, which does not change the substance or effect of the statute as it passed the legislature, will not invalidate the act.

Same.—Rule applied to Laws 1887, c. 127.

Plaintiff brought this action in the district court for Ramsey county, alleging his ownership in fee of certain described land in that county, and "that the defendant claims some title or interest in said land, and lien upon the same, adversely to the plaintiff, by and through certain pretended tax certificates and tax-deeds, all of which, together with the several pretended tax judgments under which the same were made, are void." Judgment is asked that plaintiff's title be quieted, and the cloud on his title removed. The complaint does not allege possession of the land by plaintiff or that it is unoccupied. A general demurrer to the complaint was overruled by Brill, J., and the defendant appealed. In support of the demurrer it was contended that the complaint was insufficient to sustain an equitable suit to remove a cloud, or an action under Gen. St. 1878, c. 75, § 2, to determine adverse claims; and that it could not be sustained under Laws 1887, c. 127, because that act was not constitutionally passed and approved, by reason of the omission mentioned in the opinion. The act in question, as officially published, provides that any one having or claiming title to land, whether in his own or another's possession, or unoccupied, may bring an action against any person claiming any title or lien adversely to him, by or through any tax certificate or deed, "to test the validity of the tax sale and tax judgment under which the same was made, to quiet his title to said land as against [such claims of such] adverse claimant, and to remove a cloud from his title arising from such tax certificate or tax-deed," etc. At the beginning of the official volume of the laws it is stated: "The letters and words included in brackets [ ] in this volume * * are not in the bills approved by the governor and filed with the secretary of state. They

are found in the engrossed bills, but were omitted or incorrectly copied in enrolment."

*Merrill & Willett*, for appellant.

*S. & O. Kipp*, for respondent.

MITCHELL, J. Assuming that a court would take judicial notice of the fact that the words "such claims of such," included in brackets in the official publication of Laws 1887, c. 127, are contained in the engrossed bill which passed the legislature, but are omitted from the enrolled bill which was signed by the governor, we are clear that the omission is immaterial, and changes neither the substance nor legal effect of the statute. Whether these words be inserted or omitted, the effect of the act would be the same. In either case the plain meaning of the statute would be to limit its application to claims of title, interest, or lien, by or through tax certificates or tax-deeds. An omission of words from the enrolled bill, which does not change the substance or legal effect of the statute as it passed the legislature, is wholly immaterial. *Stein* v. *Leeper*, 78 Ala. 517; *People* v. *Supervisors*, 16 Mich. 254; *Smith* v. *Hoyt*, 14 Wis. 252.

Order affirmed.