CASE 42—MANDAMUS—NOVEMBER 7.

# McKenzie, Secretary of State, v. Moore, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—FAILURE OF GOVERNOR TO RETURN BILL TO GENERAL ASSEMBLY.—Where a member of the General Assembly, who has introduced a bill, or those interested in the passage of the bill, withdraw it from the Governor immediately after its delivery to him, upon his indication of some objection to the bill, and it is never returned to him, it does not become a law upon his failure to return it to the General Assembly within ten days, as it is not to be regarded as having been "presented" to the Governor within the meaning of section 22, of article 3, of the Constitution of 1850.

2. SAME.—Where the Journal of the House showed that leave was given a particular member to withdraw from the Governor a bill of a certain number, when no bill of that number was or had been in the Governor's hands, the leave must be regarded as referring to the only bill in the Governor's hands which had been introduced by the member to whom the leave was given, when considered in connection with the fact that soon after the leave to withdraw was given the same member introduced another bill for the benefit of the same person, containing a provision like to one which the Governor had objected to in the former bill for their benefit upon the ground that it conferred a lottery privilege. The record corrects itself.

3. SAME—MANDAMUS.—In this proceeding for a mandamus against the Secretary of State, to compel him to admit to the files of enrolled acts of the General Assembly a bill creating a corporation, upon the ground

that it became a law by reason of the Governor's failure to return it to the General Assembly within ten days after it was presented to him, as it appears from the response of the defendant that the bill was never presented to the Governor within the meaning of the Constitution, and, if presented, that leave was given by the House to withdraw it, the response presented a good defense, especially as the bill remained in the custody of the parties in interest for more than a year after the adjournment of the Legislature and was then presented to the Secretary of State for the first time.

P. W. HARDIN, Attorney General, for appellant.

As the bill in question here did not remain in the Governor's hands the constitutional limit, but went out of his keeping either by a mistake or a fraud practiced on him, it never became a law.

HALLAM & MYERS for appellees.

As the bill incorporating "The Paducah Woodenware Manufacturing Company" was not returned by the Governor within ten days after it was presented to him, it became a law as if he had signed it. (Constitution of Ky., art. 3, sec. 22; Wolfe v. McCaull, 14 Reporter, 573.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case has been under submission since the 16th day of February, in the year 1888, but for some reason has not found its way to the judges until a few days past.

The appellees, who were the plaintiffs in the court below, asked that the writ of mandamus issue commanding James A. McKenzie, then Secretary of State, to admit to the files of enrolled acts of the General Assembly of the State in his office a bill entitled, "An act to incorporate the Paducah Woodenware Manufacturing Company, of the city of Paducah," that was passed, as is alleged, by both houses of the General Assembly of the Commonwealth at its session in March, of the year 1882. It is further alleged that the bill was duly enrolled and signed by the speakers of both houses of the General Assembly, was properly indorsed and then presented to the Governor for his approval or rejection; that the General

Assembly and each House was in continuous session
(Sundays excepted) for more than ten days after the de-
livery of the bill to the Governor, and it was never re-
turned to either House by the Governor or his secretary,
nor has it ever been admitted to the file of the acts of
the General Assembly in the office of Secretary of State.

. The statements of the petition show the passage of the
bill as required by the laws and constitution of the State
and alleges a presentation to the Governor, and the fact
that it was never returned by him is admitted by the
pleadings. It is alleged that within the ten days, the time
given the Executive to consider the bill, he delivered it
to a member of the House of Representatives who
claimed to have obtained leave of the House to withdraw
the bill, and that this member retained it for a year and
then delivered it to the plaintiffs, who are the incor-
porators.

The defense is that the bill was introduced in the House
by the member from the county of McCracken, the city
of Paducah being the county seat, and that member being
informed by the Governor that in his opinion the bill
conferred certain lottery privileges and for that reason he
should veto it, the member, within the three days al-
lowed therefor, asked leave of the House to withdraw the
bill from the hands of the Governor, and the leave was
granted without objection. That the Clerk of the House
made a clerical mistake by making the following entry :
"H. B.—776, Corbett asked leave to withdraw from Gov-
ernor—granted." That bill 776 was not then in the
Governor's hands, and was not delivered to him until
the 20th of April following—that was a bill authorizing
the construction of turnpikes in the county of Daveiss, and

became a law with the approval of the Governor.   That the member from McCracken, on the 23d of March, 1882, notified the Governor that he had obtained leave to withdraw the bill, and in accordance with this request by the House the Governor delivered the bill to the member from McCracken that it might be returned and his objections removed, of which fact the corporators, or some of them, were notified.   That a bill was then introduced of a like character, but under a different title and passed, that the Governor failed to approve.   That said Corbett and the incorporators regarding the bill as worthless kept it in their pockets and never returned it to the Governor or to either House.   And for further response the Secretary of State says that the representative from McCracken and the incorporators, regarding the bill as withdrawn by leave of the House, introduced on the 18th of April, of the same session, a bill entitled :   " An act to incorporate the Farmers' Agricultural Implement Manufacturing Company of Paducah," containing the same objectionable section that was regarded by the Executive as against public policy and met with his disapproval.   That he found no such bill as is set forth in the petition of the plaintiffs on file in his office or anything to show that it had ever been filed or returned since its withdrawal.   This is in substance the answer filed by the Secretary of State to the demand of the appellees, and a demurrer having been sustained to this answer the writ was ordered to go.

The Constitution of 1850 provides :   " If any bill shall not be returned by the Governor within ten days (Sundays excepted) after it shall have been presented to him, it shall be a law in like manner as if he had signed it, unless the General Assembly, by their adjournment, prevent

its return, in which case it shall be a law unless sent back within three days after their next meeting." (Article 3, section 22.)

It is insisted by counsel for the appellees that as the bill was presented to the Governor it must be returned to the Legislature by him within the ten days if that body is in session, and if he fails to do so the bill becomes a law. This position can not be doubted, but in our opinion there are several reasons why the writ of mandamus should not go in this case if the facts alleged in the answer are true; and the facts alleged in the answer are all admitted by the general demurrer. The first question that arises is as to what facts constitute a presentation of a bill to the Executive. There is but little formality in such a proceeding and no fixed rule on the subject. The custom in this State is for the Secretary to indorse on the bill the date of its receipt by the Governor so as to show when the bill came to his hands, and there appears to be nothing in this bill indicating that the Governor ever had possession of it. The bill was found a year after in the possession of those interested in its passage, and no evidence whatever that it was ever in the possession of the Secretary of State. It is said that the Secretary in his answer admits its delivery to the Governor, and that fact does appear from this pleading, although there is a subsequent denial that the bill was ever delivered to the Governor in what purports to be an amended pleading, that seems never to have been filed. We shall regard the pleadings therefore as admitting that the bill was delivered to the Governor, but at the same time it is alleged that the bill was taken at once from the Executive by the member from McCracken, who introduced the bill, with a knowledge on the part of both

McKenzie, Secretary of State, v. Moore, &c.

the member and the incorporators that the Executive was then urging some objection to certain sections of the bill, and not only withdrawn, but upon the statement that leave had been given by the House to withdraw the bill from his hands. The object in presenting a bill to the Executive is to enable him to consider its various features that he may understandingly approve or reject it. He must have time to consider its provisions and with the courtesy extended members of the Legislature by the Executive of the State, that has grown into a custom, in permitting them to withdraw bills before mature consideration by him that appear to be objectionable, it would be a singular ruling to adopt, and one productive of much evil, to permit a member, however honest his motives, to withdraw a bill from the consideration of the Executive, that the member himself has introduced, and after the lapse of months, with the Legislature adjourned, to declare the bill a law because it was once in the Governor's hands. It is no such *presentation* as contemplated by the Constitution for the member, or the custodian of the bill, to deliver it to the Governor, then immediately withdraw it and claim that it becomes a law because the Governor failed to return it within the ten days. In the case of Harpending v. Haight, 39 Cal., 199, it is said that the bill is presented to the Governor " to afford him an opportunity to deliberately consider its provisions and prepare his objections, and such a presentation as would deprive him of this right, in the language of the court in that case, is *merely spurious.* Certainly those interested in its passage who withdraw the bill ought not to be heard to say that the neglect of the Governor in intrusting the custody of the bill to them made it a law. Again it is

evident that leave was given to withdraw the bill from the hands of the Executive, and in so adjudging this court is not undertaking to correct the legislative records or to invade the legitimate exercise of power by the legislative branch of the Government.

There was no other bill, as is admitted by the demurrer, from the county of McCracken in the hands of the Governor, and the bill numbered 776, for which leave was given to withdraw, had not then reached his hands, and related to the construction of turnpikes in Daveiss county and was approved by him when presented. Another bill was introduced, shortly after this leave to withdraw was given, by the same member, containing a like objectionable feature and for the benefit of the same corporators of the same city, showing plainly that leave was given to withdraw this particular bill. The record corrects itself if truly set forth in the answer, and therefore the court should have overruled the demurrers to the response of the Secretary of State. The bill was never presented to the Governor as contemplated by the Constitution, and if the bill had in fact been considered by the Governor leave had been given to withdraw it, if the facts alleged in the answer are established. Besides there was no such bill in the office of Secretary of State, and after the lapse of more than a year from the adjournment of the Legislature the parties in interest, who knew of the circumstances connected with the passage of the bill, having all this time the custody of that paper, offered it to the Secretary of State for the first time asking that it be filed with the enrolled bills. The Chancellor should have overruled the demurrer and held the response of the Secretary sufficient.

Judgment reversed and remanded for proceedings consistent with this opinion.