BOARD OF CONTROL OF THE MICHIGAN STATE PRISON *v.* AUDITOR GENERAL.

STATUTES—ENROLLMENT—VARIANCE—EFFECT.

Act No. 211, Pub. Acts 1907, appropriates "one hundred seventy-five thousand dollars" for the purpose of establishing a binder-twine plant at the State prison: "*Provided*, that of the one hundred seventy-five [thousand] dollars so appropriated, fifty thousand dollars is" appropriated for a certain purpose, "and the remaining sum of one hundred twenty-five thousand dollars is" appropriated for a certain other purpose germane to the purpose of the bill. The word "thousand" in brackets did not appear in the enrolled act as signed by the governor, though it did in the bill as passed by the legislature. *Held*, that the omission of the bracketed word was a mere clerical error which corrects itself and leaves nothing doubtful, and that the act is therefore valid.

Mandamus by the board of control of the Michigan State prison to compel James B. Bradley, auditor general, to draw a warrant upon the State treasurer under the provisions of Act No. 211, Pub. Acts 1907. Submitted August 13, 1907. (Calendar No. 22,424½.) Writ granted August 13, 1907.

*John E. Bird*, Attorney General, for relator and respondent.

MONTGOMERY, J. The legislature of 1907 passed an act known as Act No. 211, Pub. Acts 1907, and entitled:

"An act to provide for the installation, maintenance, equipment and operation of a twine and cordage plant to be operated by prison labor at the State prison at Jackson, Michigan, to provide for the sale and disposition of the manufactured product; to define the duties of the warden and board of control of said prison in relation thereto; to make an appropriation for the fiscal year ending June thirty, nineteen hundred eight, to carry into effect the object and purposes of this bill and to provide a tax to meet the same,"

Which said act was approved by the governor, June 24, 1907, and was given immediate effect.  It appears that in the original bill, now on file in the secretary of State's office, the word "thousand" appears in the proviso of section one of the act after the words "one hundred seventy-five," while in the enrolled act which was signed by the speaker of the house, the president of the senate, and the governor, the word "thousand" was omitted.  The board of control of the prison has made a regular requisition upon the auditor general requesting him to draw his warrant upon the State treasurer for one thousand dollars, payable to the warden of the State prison, out of the moneys appropriated by the above-mentioned act.  This the auditor general refuses to do, claiming, for the reason above stated, that the bill signed by the governor in which the word "thousand" was omitted as aforesaid was not the bill which passed both houses of the legislature.  The refusal of the auditor general was based upon an opinion given at his request by the attorney general on the 25th day of July, 1907, in which, after a discussion of the various authorities, the attorney general advised that in view of the defect contained in the act and the consequent doubt as to the validity of its enactment, no money should be paid out until the validity of the act had been judicially determined.  Mandamus is now applied for to direct the auditor general to honor the requisition of relator.

Section 1, of the act as enrolled, reads as follows:

" There shall be appropriated out of any of the money in the State treasury not otherwise appropriated for the fiscal year ending June thirty, nineteen hundred eight, the sum of one hundred seventy-five thousand dollars for the purpose of carrying out the provisions of this act: *Provided,* That of the one hundred seventy-five [thousand] dollars so appropriated fifty thousand dollars is hereby appropriated for the purpose of purchasing, erecting and equipping the necessary buildings, machinery, boilers and equipment to be used in the manufacture of twine and cordage, together with a warehouse at the State prison at Jackson, Michigan, and the remaining sum of one

hundred twenty-five thousand dollars is hereby appropriated to constitute a "revolving fund" to be disposed of in such manner as is herein provided."

The word "thousand" appearing in brackets is not in the bill as enrolled and signed by the governor, but was contained in the original bill. It is obvious that unless it shall be held that there must be absolute correspondence between the bill as enacted and as enrolled and signed by the governor, and that no deviation of a word can be permitted and yet the act stand, this legislation is valid.

It is perfectly manifest that the legislature by this proviso appropriated $50,000 for the purpose of purchasing, erecting, and equipping the necessary buildings, and it is equally obvious that that $50,000 could not be subtracted from $175, and that the $175 was plainly intended to mean $175,000 is again made manifest by the fact that in the same clause after appropriating $50,000 the legislature further appropriated a *remaining* $125,000 which must be a remainder after deducting $50,000 from $175,000. It is a clerical error which corrects itself and leaves nothing doubtful. Such clerical errors will not be permitted to defeat the plain intent of the legislature.

In 26 Am. & Eng. Enc. Law (2d Ed.), p. 549, it is said:

"The omission in the enrolled bill of words not essential to its substance or effect will not render the act invalid,"

Citing among other cases *People, ex rel. Gale*, v. *Supervisor of Onondaga*, 16 Mich. 254, in which case it was held by a majority of the court that where there was no error in the title of an act passed by the legislature a subsequent clerical mistake in the title as approved by the governor does not necessarily invalidate the act if it be such as to show by comparison that no one could be misled by it. In that case, as in this, the error was one which upon the whole face of the engrossed bill corrected itself. Again in *Stow* v. *Grand Rapids Common Council*, 79

Mich. 595, where, by mistake, the title of an act as adopted by the legislature was an act to amend section 4 of Act No. 282 of the Local Acts of 1887, and where the title also contained further detailed reference to the subject-matter so that there could be no mistake as to the legislative intent in that regard, and where, after the passage of the act, the figures "1877" were substituted for the figures "1887," it was said:

"The making of it 1877 was in harmony with the rest of the title, and but the correction of a clerical error—a correction which would be permissible in a deed or contract, and which the law would make in default of any other action."

The case is closely analagous to the case under consideration. See, also, *Attorney General, ex rel. Fuller,* v. *Parsell,* 100 Mich. 170; *Sharp* v. *Merrill,* 41 Minn. 492.

The writ of mandamus will issue as prayed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.