COMMON COUNCIL OF CITY OF JACKSON *v.* HARRINGTON.

1. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — REVISION AND AMENDMENT OF CHARTERS.
    The provisions of article 8 of the Constitution of 1909, providing for the passage of a law for incorporation of cities and for the adoption and amendment of charters by the electors, are mandatory.

2. SAME—INTERPRETATION.
    The legislative intent, in enacting Acts Nos. 278 and 279, Pub. Acts 1909, in compliance with the new Constitution, was to provide for the incorporation of all cities, not omitting those which have charters, and to give to the electors power to frame, adopt and amend charters.

3. SAME—TITLE—REVISION.
    The title of the act is sufficiently broad to include revision of existing charters, since the act of incorporation includes the adoption of a charter.

4. SAME — MUNICIPAL CORPORATIONS — REVISION OF CHARTERS — STATUTES.
    Interpreted in accordance with the provisions of the Constitution, giving the electors power to frame, adopt and amend municipal charters, Act No. 279, Pub. Acts 1909, is intended to permit the revision of charters on the initiative of two-thirds of the members of the common council or by a petition of the electors.

5. MUNICIPAL CORPORATIONS—REVISION OF CHARTERS—STATUTES.
    The resolution of two-thirds of a municipal common council for general revision of the charter is not governed by § 21, Act No. 279, Pub. Acts 1909, requiring that amendments to the charter shall be published and remain on the table thirty days before action is taken thereon.

Mandamus by the common council of the city of Jackson to compel Jode Harrington, city recorder, to give official notice of a resolution declaring for a general revision of relator's charter. Submitted March 19, 1910. (Calendar No. 23,933.) Writ granted March 21, 1910.

*John F. Henigan,* for relator.

*James J. Noon* (*A. C. Kingman,* of counsel), for respondent.

*John E. Bird,* Attorney General, and *Thomas A. Lawler,* Assistant Attorney General, *amici curiæ.*

BROOKE, J. On February 21, 1910, relator, by a vote of three-fourths of its members, passed a resolution declaring for a general charter revision of the charter of the city of Jackson, directing that the question be submitted to the electors at the next municipal election, to be held April 4, 1910, and further directing the recorder of the city (respondent herein) to give notice of the submission of said question by posting and publication. This action of relator was taken under section 18, Act No. 279, Pub. Acts 1909. The title of the act is as follows:

"An act to provide for the incorporation of cities and for changing their boundaries."

Section 18 reads:

" Any city desiring to revise its charter shall do so in the following manner, unless otherwise provided by charter: When its legislative body shall by a two-thirds vote of its members-elect declare for a general revision of the charter, when an initiatory petition shall be presented therefor as provided in section 25 of this act, the question of having a general charter revision shall be submitted to the electors at the next municipal election," etc.

Respondent refused to give notice, as required, of the passage of said resolution, and further refused to submit the question to the people by placing it on the voting machines, to be voted upon by the electors on April 4, 1910.

Three reasons were assigned by him for his action, each of which will be considered in its order:

(1) The act in question is unconstitutional because the title thereof is not broad enough to cover revision of existing charters in cities.

(2) Section 18 of said act requires both an initiatory petition and a resolution by the legislative body.

(3) If a resolution by the council alone is sufficient, it must lie on the table 30 days under section 21 of said act.

*First.* We find that the new Constitution, article 8, § 20, provides that the legislature "shall provide by a general law for the incorporation of cities," etc. Section 21 provides:

"Under such general laws, the electors of each city and village, shall have power and authority to frame, adopt and amend its charter," etc.

It is to be noticed that the foregoing provisions of the Constitution are mandatory, and it is obvious that Acts Nos. 278 and 279, the first relating to villages, and the second to cities, were passed by the legislature of 1909 for the express purpose of carrying out the constitutional mandate. We are left in no doubt, therefore, as to the *legislative intent.* It intended to, and did, pass a general law, giving to the electors of cities power to frame, adopt, and amend charters. To that act it gave the title under consideration. It provides for the "incorporation of cities." What cities? Obviously *all* cities—as well those already incorporated as those not yet incorporated, since there are no words of qualification or limitation. Every incorporated city must have a charter. Its charter is the definition of its rights and obligations as a municipal entity, so far as they are not otherwise legally granted or imposed. The very act of incorporation, therefore, necessarily includes the idea of a charter and the power to frame and adopt one. If the framing and adoption of a charter *in toto* is fairly within the meaning of the word "incorporation," and we believe it necessarily is so, it seems clear that the revision of a charter already adopted is likewise within that meaning upon the principle that the greater includes the less.

In the case of *People* v. *Mahaney*, 13 Mich. 481, Mr. Justice COOLEY, referring to this constitutional provision, the same then as now, said:

"But this purpose is fully accomplished when the law

has but one general object, which is fairly indicated by its title. To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone would not only be senseless, but would actually render legislation impossible."

In *People* v. *Hurlbut,* 24 Mich. 44 (9 Am. Rep. 103), Mr. Justice CHRISTIANCY said:

"But it is quite clear and well settled that nothing more than the general object need be stated in the title, and that every provision which is fairly calculated to carry that object into effect must be held to come within it."

See, also, *Connecticut Mut. Life Ins. Co.* v. *State Treasurer,* 31 Mich. 6; *Pratt Food Co.* v. *Bird,* 148 Mich. 631 (112 N. W. 701, 118 Am. St. Rep. 601).

*Second.* Should that part of section 18 above quoted, be construed as though the word "or" had been inserted between the words "charter" and "when?" To so construe this section would make the submission of the question of revision dependent upon either of two facts:

*First,* the passage of a resolution declaring for a general revision by a two-thirds vote of the members-elect; or,

*Second,* the presentation of an initiatory petition therefor as provided in section 25.

Several considerations indicate that the section quoted should receive this construction. In the first place, section 14, Act No. 278, Pub. Acts 1909, which relates to the incorporation of villages and corresponds as to its matter with section 18 of the city act, contains the disjunctive "or." Again, section 21 of Act No. 279, which provides for amendments to a charter, instead of revisions thereof, designates the alternative method of procedure. It reads:

"An amendment to a charter may be proposed by the legislative body on a two-thirds vote of the members-elect *or* by an initiatory petition as herein provided."

But a more persuasive reason than either of those given exists. The Constitution provides that—

"Under such general laws *the electors* of each city and village shall have power and authority to frame, adopt and amend its charter."

We have already seen that Act No. 279 was passed for the purpose of giving effect to this constitutional guaranty. To give this section the construction contended for by respondent would be to deny to the electors the power to compel the submission of the question without a two-thirds vote of the legislative body, and thus, it may be, rob them of the right so clearly expressed in the Constitution. It must be presumed that the legislature intended to act in accordance with the plain mandate of the Constitution, and we have no doubt it did so, and that the omission of the word " or " is a mere clerical or typographical error, which should of right be corrected by interpretation. *Board of Control of the Michigan State Prison* v. *Auditor General,* 149 Mich. 386 (112 N. W. 1017).

*Third.* There is no force in the third contention. Section 21 relates solely to charter amendments, and provides that, where such amendment originates in the legislative body, it shall be published and remain on the table for 30 days before action is taken thereon. No such requirement is necessary, or proper, in case of revision, because the act provides for the election of a charter commission, and, after the charter is prepared by them, it is published for 30 days, thus securing the same publicity as is secured to the amendment by section 21.

The mandamus will issue as prayed.

OSTRANDER, HOOKER, McALVAY, and BLAIR, JJ., concurred.