# JANUARY TERM, 1912.

ATTORNEY GENERAL, *ex rel.* VERNOR, *v.* COMMON COUN-
CIL OF THE CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CHARTER—AMENDMENT—ELECTIONS.
   Amendments to the charter of a city must be submitted to the
   vote of the electors at the next election after the proposed
   amendment has been adopted by the municipal council,
   whether the election is general or special. Act No. 279, Pub.
   Acts 1909; Act No. 203, Pub. Acts 1911.

2. SAME — CONSTITUTIONAL LAW — CITIES — LOCAL SELF-GOVERN-
   MENT—MUNICIPAL CORPORATIONS.
   The Constitution delegates to the electors of cities and villages,
   not to the legislature, authority to determine for themselves
   the local laws which shall regulate their municipal affairs.

3. CONSTITUTIONAL LAW—STATUTES — AMENDMENT OF CHARTER —
   MUNICIPAL CORPORATIONS.
   Section 21 of Act No. 203, Pub. Acts 1911, authorizing cities
   to amend their charters without revising them under the
   Constitution, and statutes passed pursuant thereto, is invalid.

Mandamus by Franz C. Kuhn, attorney general, on
the relation of James Vernor, against the common council
and election commission of the city of Detroit to require
the respondents to submit at a special election a proposed
amendment to the municipal charter. Submitted Janu-
ary 12, 1912. (Calendar No. 24,965.) Writ denied Jan-
uary 15, 1912.

*Graves & Hatch* and *Edward G. Wasey*, for relator.

*Richard I. Lawson* (*Edmund Atkinson*, of counsel),
for respondents.

*Hinton E. Spalding* and *Henry E. Bodman*, for re-
spondents, by leave of the court.

(249)

BLAIR, J.   The city of Detroit is a municipal corporation with a charter granted under the Constitution of 1850 and thus antedating the Constitution of 1909.   There has been no general revision of the charter under any act of the legislature since the Constitution of 1909 went into effect.

On August 15, 1911, the common council commenced appropriate proceedings under the provision of Act No. 279, Pub. Acts 1909, as amended by Act No. 203, Pub. Acts 1911, to amend the charter so as to institute a system of civil service, and these proceedings followed strictly the requirements of the legislature aforesaid in the following manner:

(*a*) The resolutions containing the complete amendment and a direction that it be submitted to the electors "at the next special or general election held in the city" were introduced on August 15, 1911, and laid on the table for 30 days.   (*b*) The amendment was published in the official paper on August 16, 1911.   (*c*) The amendment was adopted by the affirmative vote of more than two-thirds of the members-elect of the common council on September 26, 1911.   (*d*) The amendment was transmitted to the governor and by him approved on October 10, 1911 and returned to the city clerk.

On December 26, 1911, a special election was called to be held in the city of Detroit on January 23, 1912, and this is the first election, either special or general, held or to be held since September 26, 1911.

On December 26, 1911, the common council ordered to be submitted to the electors at the proposed election two propositions, and no others, and neither of these two propositions is the amendment relating to the system of civil service.

One of the propositions ordered to be submitted relates to the so-called municipal ownership of the street car lines in the city of Detroit, and is an amendment to the existing charter proposed under the same statutes (Act No. 279, Pub. Acts 1909, as amended by Act No. 203, Pub. Acts 1911), that the amendment concerning a system of civil service is proposed.

The election commission of the city of Detroit obeyed the instruction of the common council, and has arranged for the election on January 23, 1912, submitting the proposition relating to municipal ownership, but omitting the proposition relating to civil service.

The present proceeding is an application for a writ of mandamus to require the submission to the electors at the election on January 23, 1912, the amendment relating to the system of civil service, and the application is made directly to this court by reason of the importance of the public questions directly and indirectly involved and the necessity of haste because of the imminence of the election.

There are only two questions presented by the briefs which appear to us to require consideration, viz. :

(1) Does Act No. 279, Pub. Acts 1909, as amended by Act No. 203, Pub. Acts 1911, permit the legislative body of a city to decide at what ensuing election it will submit an amendment originating in the body itself ?

(2) Is the amendatory act of 1911 unconstitutional in so far as it authorizes the amendment of existing charters in advance of a general revision of the charter ?

1. We construe the language of section 21 of the act of 1909, as well as of the amended section of the act of 1911, relative to the submission of amendments, to require such submission at the next ensuing election, whether general or special.

2. Section 21 of Act No. 203, Pub. Acts 1911, provides:

"Any existing charter, whether passed pursuant to the provisions of this act or by the State legislature, may from time to time be amended as follows," etc.

Tne provisions of the Constitution relative to the incorporation of cities and villages were intended to and did delegate to the electors thereof, and not to the legislature, the authority to determine for themselves the local laws which should regulate their municipal affairs. *Jackson Common Council* v. *Harrington,* 160 Mich. 550 (125 N. W. 383); *Attorney General* v. *Detroit Common Council,* 164 Mich. 369 (129 N. W. 879).

The authority of the legislature is limited to the passage of " a general law for the incorporation of cities " and villages, which must limit "their rate of taxation for municipal purposes and restrict their powers of borrowing money, and contracting debts." Const. art. 8, § 20.

"Under such general laws the electors of each city and village shall have power and authority to frame, adopt and amend its charter," etc.    Const. art. 8, § 21.

Aside from embodying in " such general laws " the restrictions required by section 20 and the embodying of general limitations in accordance with the Constitution and general laws of the State, the province of the legislature is to provide for the method in pursuance whereof "the electors of each city and village shall have power and authority to frame, adopt and amend its charter." Const. art. 8, § 21.

And as we held in *Jackson Common Council* v. *Harrington, supra,* a general revision of an old charter may be treated as equivalent to the framing of a new charter. Necessarily, the revising of an old charter under the new general law would be in conformity with such general law and would follow its mandates and inhibitions to the same extent as in the framing of a new charter.

Not so in case of mere amendments to specific sections, which might leave the charters repugnant to the general law adopted under article 8, § 20, of the Constitution, so that cities claiming to operate under a general law intended to operate uniformly upon the local legislatures of all cities would be subject to such limitations as they should choose to accept and might adopt such provisions as they deemed beneficial.

Such a construction, in our opinion, is in contravention of the constitutional provisions as interpreted by this court in *Attorney General* v. *Detroit Common Council, supra.    Vide* 164 Mich. 388 (129 N. W. 879).

We hold, therefore, that the provision of section 21 of Act No. 203, Pub. Acts 1911, authorizing the amend-

ment of any existing charter, is unconstitutional and void.

The writ is therefore denied, but without costs.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.

BIRD, J., did not sit.