## ANDERSON *v.* ATWOOD.

1. STATUTES—RECALL OF BILL FROM GOVERNOR.

Legislative enactments are not final, where enrolled and sent to the governor and, by courtesy, returned by him within 10 days and before action thereon at request of legislature by joint resolution or concurrent action (Const. 1908, art. 5, § 36).

2. CONSTITUTIONAL LAW—RULES OF LEGISLATIVE PROCEDURE—JUDICIAL REVIEW—DIVISION OF POWERS.

Rules of legislative procedure, adopted by the legislature and not prescribed by the Constitution, may be suspended and action had, even if contrary thereto, will not be reviewed by the courts.

3. SAME—DIVISION OF POWERS—GOVERNOR—LEGISLATURE.

Under the system of government adopted in this country the chief executive is a part of the law-making power; and while engaged in considering bills which have been passed by the legislature and which are presented to him for approval or disapproval, the governor is acting in a legislative capacity, or is exercising a power which is essentially legislative in character, and is not acting in an executive capacity.

4. SAME—LEGISLATURE—PRESENTATION, APPROVAL AND VETO OF BILLS.

Constitutional provisions regulating presentation, approval, and veto of bills by the executive are mandatory, and the procedure, as thus established, cannot be enlarged, curtailed, changed, or qualified, by the legislature (Const. 1908, art. 5, § 36).

5. SAME—RECALL OF BILL FROM GOVERNOR—EFFECT.

In the absence of a constitutional restriction the legislature may, by concurrent action of both houses, recall a bill which has been presented to the governor but such recall will not have the effect of making the bill operative as a law, or affect the validity of the measure as finally passed and approved by the executive.

6. SAME—RECALL OF BILL FROM GOVERNOR—JOINT ACTION OF LEGIS-
LATURE.

The recall of a bill passed by both houses of a legislature is
effective if it is willingly returned upon request supported by
the concurrent action of the two houses, although the request
is not by means of a joint resolution; but after a bill has
been passed in the legal and constitutional form by both houses
of the legislature and transmitted to the governor for his
signature, neither branch of the legislature can, without the
consent of the other, recall the bill for the purpose of further
legislative action thereon.

7. SAME—ENACTMENT OF STATUTES—LEGISLATURE—GOVERNOR.

A law is not complete until it has been finally acted upon by the
two houses of the legislature and by the governor, although
the action of the latter may be only negative, as when he per-
mits a bill to become a law by failing to return it within the
prescribed time.

8. SAME—RETURN OF RECALLED BILL TO GOVERNOR.

Where the governor, at the request of the legislature or of either
house thereof, has returned a bill before acting upon it, and
the bill is again presented to him for his approval or rejection,
he has the full constitutional period thereafter to consider and
act upon it (Const. 1908, art. 5, § 36).

9. SAME—RECALL OF BILL FROM GOVERNOR.

Legislative enactment as sent to the governor, lost its identity
and force by the courtesy return thereof to the legislature and,
without new legislation with reference thereto, did not become a
valid enactment by operation of law (Const. 1908, art. 5, § 36).

10. COSTS—PUBLIC QUESTION—MANDAMUS.

Costs are not awarded upon decision in mandamus action to com-
pel secretary of State to publish legislative enactment as a
law, the question being of public moment.

Petition by Harold Anderson for a writ of manda-
mus to command Orville E. Atwood, Secretary of
State, to publish House Bill No. 145, as a duly en-
acted law.   Submitted October 8, 1935.   (Calendar
No. 38,613.)   Writ denied October 30, 1935.

*Clyde W. Ketcham* (*Charles K. VanDuren,* of counsel), for petitioner.

*Harry S. Toy,* Attorney General, and *Peter J. Monaghan, Jr.,* and *Edmund E. Shepherd,* Assistants Attorney General, for defendant.

WIEST, J. This is an application to this court to exercise its original jurisdiction by way of mandamus.

The legislature duly enacted, enrolled and certified to the governor for approval, veto, or to become effective by operation of law, as provided by Constitution 1908, art. 5, § 36, House Bill No. 145, entitled:

"An act to amend sections 3, 6 and 15 of Act No. 382 of the Public Acts of 1927, * * * and to repeal Act No. 387 of the Public Acts of 1913, * * * and to add thereto three new sections to stand as sections 2a, 12a and 16a thereof."

Nine days later, and before any action thereon by the governor, the house, at the request of the senate, asked the governor to return the bill and the governor acceded to the request. Thereupon the house reconsidered the vote by which it had previously adopted senate amendments thereto and sent the bill to the senate. The senate suspended its rule, limiting time within which a motion to reconsider might be made, and resolved to reconsider the vote by which the bill had been previously passed. Thereupon, on motion, the bill was laid on the table. The bill was then taken from the table, the request of the house for return thereof refused, and the question then being upon the passage of the bill and amendment, a motion to suspend Rule 37, for the purpose of placing the bill on immediate passage, was defeated, and final adjournment had without further action.

The mentioned amendment is claimed by plaintiff to have been no more than a repetition of a severing section already in the statute.

Constitution 1908, art. 5, § 36, provides:

"Every bill passed by the legislature shall be presented to the governor before it becomes a law. If he approve, he shall sign it; if not, he shall return it with his objections to the house in which it originated, which shall enter the objections at large upon its journal and reconsider it. * * * If any bill be not returned by the governor within ten days, Sundays excepted, after it has been presented to him, it shall become a law in like manner as if he had signed it, unless the legislature, by adjournment, prevents its return, in which case it shall not become a law."

The bill was not amended or repealed, nor was the original enrolled bill returned to the governor.

Plaintiff asks that the secretary of State, custodian and publisher of enacted laws, be commanded, by writ of mandamus, to include the mentioned act as a law, duly enacted by the legislature.

There is no finality in legislative enactments, enrolled and sent to the governor and, by courtesy, returned by him within 10 days and before action thereon, at the request of the legislature by joint resolution or concurrent action.

Rules of legislative procedure, adopted by the legislature and not prescribed by the Constitution, may be suspended and action had, even if contrary thereto, will not be reviewed by the courts.

It is a well settled rule that:

"Under the system of government adopted in this country the chief executive, either the president or a governor, is a part of the law-making power; and while engaged in considering bills which have been passed by the legislature and which are presented to him for approval or disapproval, the governor is

acting in a legislative capacity, or is exercising a power which is essentially legislative in character, and is not acting in an executive capacity. Constitutional provisions regulating the presentation, approval, and veto of bills by the executive are mandatory, and the procedure as thus established cannot be enlarged, curtailed, changed, or qualified, by the legislative body." 59 C. J. p. 575.

"In the absence of a constitutional restriction the legislature may, by concurrent action of both houses, recall a bill which has been presented to the governor; but such recall will not have the effect of making the bill operative as a law, or affect the validity of the measure as finally passed and approved by the executive. The recall is effective if a bill is willingly returned upon request supported by the concurrent action of the two houses, although the request is not by means of a joint resolution; but after a bill has been passed in the legal and constitutional form by both houses of the legislature, and transmitted to the governor for his signature, neither branch of the legislature can, without the consent of the other, recall the bill for the purpose of further legislative action thereon." 59 C. J. p. 578.

In *People, ex rel. Lanphier & Walker*, v. *Hatch*, 19 Ill. 283, 288, the court observed:

"And instances are not wanting in the history of our legislation, where bills which have been laid before the governor for his approval, have been returned to one of the houses of the general assembly, and then finally defeated, and no one has ever thought of questioning the legality of such a proceeding."

In *Teem* v. *State*, 79 Tex. Crim. 285, 296 (183 S. W. 1144), a bill, enacted by both houses of the legislature, was placed in the governor's hands for action. Within 10 days after it reached the governor's

hands, and before he acted thereon or attempted to do so, the senate and house adopted a joint or concurrent resolution requesting the governor to return the bill to the senate· for correction and amendment and the governor complied therewith. The bill was returned and did not again reach the governor's hands nor did he request its return, nor did he ever act thereon in any way. The court stated (p. 300):

"Upon an examination of said Jefferson's Manual and Digest for 1906–1907, page 479, we find several instances given wherein in the second session of the Fifty-sixth congress the congress repeatedly recalled properly enrolled bills which were in the hands of the president at the time, he complying with their request, and such bills were thereafter amended, corrected and passed, enrolled, and then returned to the president for his action, and he then acted thereon. In each instance the president complied with the request, as did the governor in this instance. We also find in 4 Hines' Precedents, §§ 3505 to 3518, numerous instances where this action was had by congress from the very first and all along. In some instances, the president had actually affixed his signature to the bills approving them, but when congress requested their return, he erased his signature and complied with their request, returned the bill, and then it was amended, corrected and returned to him for his action, and he then acted thereon. In no instance do we find that the president ever denied such request, and we can find no decision wherein it was ever held, that such action on a bill by the president and congress was illegal, irregular or improper."

In *Re Recalling Bills,* 9 Col. 630 (21 Pac. 474), it was said:

"We discover nothing in the constitution or statutes that forbids the legislature's requesting, by

joint or a concurrent resolution of both houses, the return of a bill in the hands of the governor for his approval, or which directs or controls the action of his excellency in response to such a request.

"Neither do we find any provision in the constitution or statutes which inhibits a reconsideration and amendment, if in accordance with the parliamentary practice adopted by the respective houses of a bill thus returned."

In *State, ex rel. Attorney General*, v. *Sessions* (syllabi), 84 Kan. 856 (115 Pac. 641, Ann. Cas. 1912A, 796):

"A law is not complete until it has been finally acted upon by the two houses of the legislature and by the governor, although the action of the latter may be only negative, as when he permits a bill to become a law by failing to return it within the prescribed time.

"Where the governor, at the request of the legislature or of either house thereof, has returned a bill before acting upon it, and the bill is again presented to him for his approval or rejection, he has the full period of three days thereafter to consider and act upon it."

In that case it was contended that there was no authority to recall the bill from the governor's hands and that its return had no legal effect, but the court stated, in substance, this was the view taken by the Court of Appeals of New York in *People* v. *Devlin*, 33 N. Y. 269 (88 Am. Dec. 377), and in *Wolfe* v. *McCaull*, 76 Va. 876; but—(84 Kan. 866) "On the other hand, it was held in Kentucky (in 1891) (*McKenzie, Secretary of State*, v. *Moore*, 92 Ky. 216 [17 S. W. 483, 14 L. R. A. 251]) that the courtesy extended to members of the legislature permitting the withdrawal of bills from the governor's hands, which had

grown into a custom, prevented a bill so withdrawn from becoming a law by lapse of the time allowed for executive action while it was so out of his hands.''

The enactment, as sent to the governor, lost its identity and force by the courtesy return thereof to the legislature and, without new legislation with reference thereto, did not become a valid enactment by operation of law.

House Bill No. 145 is not now an act by operation of Constitution 1908, art. 5, § 36.

The writ is denied but without costs, the question being of public moment.

POTTER, C. J., and NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.