CITY OF LANSING *v.* STATE BOARD OF TAX ADMINISTRATION.

STATUTES—IMMEDIATE EFFECT.

Statute amending general sales tax act to require, among other things, that municipal corporations pay sales tax on sales of electricity from municipally owned plant, which was introduced as a bill in the house of representatives, passed by it and ordered to be given immediate effect, amended in the senate and given immediate effect and, upon nonconcurrence by house with senate amendments, referred to conference committee whose report was adopted by both senate and house, did not become immediately effective upon governor's approval where motion to give immediate effect, made in the house after adoption of the conference committee report, did not prevail (Act No. 313, Pub. Acts 1939, amending Act No. 167, Pub. Acts 1933).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 24, 1940. (Docket No. 42, Calendar No. 41,287.) Decided December 10, 1940.

Assumpsit by City of Lansing, a municipal corporation, against State Board of Tax Administration and others for recovery of sales taxes paid under protest. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Joseph W. Planck,* City Attorney, for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd, T. Carl Holbrook,* and *Andrew De Maggio,* Assistants Attorney General, for defendants.

BUSHNELL, C. J. Appellant, city of Lansing, owns and operates a municipal electric and steam heat utility. Act No. 313, Pub. Acts 1939,* amended the general sales tax statute (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935 [Comp. Laws Supp. 1935, § 3663-1 *et seq.,* Stat. Ann. § 7.521 *et seq.*]) in various particulars and included the requirement that municipal corporations pay a three per cent. tax on the gross proceeds of sales made by them at retail. The city of Lansing, claiming that Act No. 313 was not immediately effective, for reasons hereinafter discussed, paid $10,444.24 under protest on sales made from June 22, 1939, to September 29, 1939, and brought this action to recover such moneys. Defendant State board of tax administration asserts that Act No. 313 became immediately effective when it was signed by the governor on June 22, 1939, and that appellant is not entitled to recover. The circuit judge, sitting without a jury, determined the matter adversely to plaintiff.

Act No. 313 was originally House Bill No. 417. The history of this bill is as follows:

---

* Superseding Act No. 123, Pub. Acts 1939.—REPORTER.

The measure failed to pass in the house, the vote was reconsidered, and the bill was tabled. It was taken from the table the next day and passed. A motion to give the bill immediate effect prevailed, two-thirds of all the members-elect voting therefor. The bill went to the senate, where several amendments were made, one of them relieving municipal corporations from payment of a sales tax. The senate passed the bill in its amended form and gave it immediate effect by a two-thirds vote. The house refused to concur in the amendments and a conference committee was appointed. The conference committee reached an agreement which included a tax on municipal corporations. The house, after receiving the report of the conference committee on the altered bill, adopted the same and again voted on the question of whether the bill in its final amended form should be given immediate effect. This motion did not prevail. See House Journal 1939, pp. 1911, 1912. In accordance with Rule 5 of the Joint Rules of the Senate and House (1939), the amended bill and the conference report were returned to the senate, where the report was adopted without any further action by the senate on immediate effect.

Two questions are presented on appeal: 1. Did the legislature have the constitutional power to give Act No. 313 immediate effect? 2. Was the act given immediate effect?

Section 21 of article 5 of the State Constitution provides:

"No law shall embrace more than one object, which shall be expressed in its title. No law shall be revised, altered or amended by reference to its title only; but the act revised and the section or sections of the act altered or amended shall be reenacted and published at length. No act shall take effect or be

in force until the expiration of ninety days from the end of the session at which the same is passed, except that the legislature may give immediate effect to acts making appropriations and acts immediately necessary for the preservation of the public peace, health or safety by a two-thirds vote of the members elected to each house.''

Act No. 313 does not contain an appropriation, but it is argued that the act ''has a real and substantial relation to the public peace, health and safety.'' The written opinion of the trial judge does not refer to a recent pronouncement by this court in *Todd* v. *Hull,* 288 Mich. 521, on the subject of immediate effect—probably because the court divided equally. The writer of this opinion, on restudying the question, finds no justification for receding from the views expressed in the *Todd Case,* beginning at page 542, and in which three other members of the court concurred.

The question before us now requires either a re-affirmation of the Michigan rule that the necessity for immediate effect is subject to judicial review or a holding that the legislative determination of the necessity for immediate effect is conclusive. See comment by Mr. Justice POTTER in *Todd* v. *Hull, supra,* at page 526, and authorities therein cited, to which may be added cases annotated in 110 A. L. R. p. 1435 *et seq.*

Some of us prefer to abide, without repeating, by what we have said in the *Todd Case,* beginning at page 542. We fail to see how the payment of sales taxes by a municipal corporation is ''immediately necessary for the preservation of the public peace, health or safety.'' The fact is, as pointed out in the brief of appellant, that consideration for immediate necessity scarcely ever enters into the legislative determination. Although ''doubts must be

resolved in favor of legislation," need for "immediate effect" should either be apparent, or at least susceptible of recognition. The 1935 legislature gave immediate effect to 172 public and local acts; the 1937 legislature said, by its action, that 224 out of its 354 enactments were immediately necessary for the preservation of the public peace, health or safety, and the 1939 legislature seemed convinced that 121 of its acts were of like importance.

Mr. Holmes, in the Constitutional Convention of 1908, speaking for his committee, failed to be prophetic when he said that the additional restraint (Const. 1908, art. 5, § 21) was proposed "with a view of preventing so many measures going through the legislature and being given immediate effect," and that "the committee has provided in this section that only in case of *absolute emergency* shall any bill be given immediate effect." See 1 Debates, Const. Convention 1908, p. 195.

No compelling argument has been presented to require a holding that the immediate collection of a sales tax on municipal corporations is necessary for the preservation of the public peace, health or safety. We conclude that the legislature lacked the constitutional power to give Act No. 313, Pub. Acts 1939, immediate effect.

Was the act given immediate effect?

Defendants rely on *People, ex rel. Attorney General,* v. *Burch,* 84 Mich. 408. The *Burch Case* arose as a result of an amendment to article 6, § 6, of the Constitution of 1850, adopted at the general election of 1889. The legislature, being then in session, thereupon passed Act No. 97, Pub. Acts 1889,[*] creating the office of an additional circuit judge for the seventeenth judicial circuit, declared such office

---

[*] Superseded by 3 Comp. Laws 1929, § 13653 (Stat. Ann. § 27.175).—Reporter.

vacant from the time the act took effect, and provided the vacancy should be filled by appointment by the governor. This act was given immediate effect and was approved by the governor on May 17, 1889. An information in the nature of quo warranto was subsequently brought, the relator contending that respondent, the governor's appointee, was appointed before the act took effect.

The history of the act is as follows: A bill was introduced in the senate, referred to the committee on judiciary, and reported out with amendments. The rules were suspended; the bill was passed and ordered given immediate effect; it then went to the house, where it was amended, passed, and also given immediate effect. The senate concurred in the house amendments and referred the bill to the committee on engrossment and enrollment. Four days later the house requested the senate to return the bill, which was ordered. The bill was further amended in the house, returned again to the senate, which concurred in the house amendments. The bill was engrossed and enrolled, signed by the proper officers of both branches of the legislature, and approved by the governor.

In answer to relator's contention that respondent was appointed before the act took effect, the court said:

"It is shown by the journal that the senate when concurring in the house amendments made no separate order that the bill as amended should take immediate effect. This was not necessary. When the bill was originally passed by the senate, it was .ordered to take immediate effect. The bill as amended by the house was by that body ordered also to take immediate effect. This being originally a senate bill, it was not necessary, after it had once been given immediate effect, and the action of the

senate thereafter was confined to concurrence in the house amendments which had by that branch of the legislature been ordered to take immediate effect, for the senate again to order by a separate vote that the bill as amended should take immediate effect. Concurrence in the action of the house as to the amendments must be considered as a concurrence in the order that such amendments take immediate effect. And this has been, we think, the uniform practice of the legislature in such cases.'' *People, ex rel. Attorney General,* v. *Burch, supra,* 413.

The situation presented in the case before us is distinguishable. In the bill with which we are now concerned, the house defeated a motion to give immediate effect after it adopted the conference report notwithstanding its previous action. The defeat of this motion is a clear expression of legislative intent. We are not concerned with the propriety of the practice followed by the house in this instance or whether a further vote on immediate effect is customary. We are only concerned with what was actually done. *Davies* v. *City of Saginaw,* 87 Mich. 439; *Anderson* v. *Atwood,* 273 Mich. 316; and 59 C. J. pp. 621, 622. The result of this formal action by the house is that Act No. 313 was not given immediate effect. It did not become effective until the expiration of 90 days from the final adjournment of the legislature on June 30, 1939.

The judgment for defendant is vacated and the cause is remanded for entry of a judgment for plaintiff in the undisputed amount claimed in its declaration, with interest thereon. Costs to appellant.

Sharpe, Chandler, and McAllister, JJ., concurred with Bushnell, C. J.

Boyles, North, Wiest, and Butzel, JJ., concurred in the result.