Kelly, J.
(dissenting). Public Act 115 of 2001 suffers from fatal flaws inflicted on it by the Secretary of the Senate. As a consequence of her actions, the bill presented to and signed by the Governor was never voted on by the Legislature. Hence, it violated the *622 Michigan Constitution and cannot become law. In addition, the bill that the Legislature passed was never submitted to the Governor. Hence, it too violated the constitution and never became law.
The majority’s finding that the addition of two census tracts by the Secretary of the Senate was permissible is erroneous. The legal issue regarding it is not accurately stated in the per curiam opinion. It is not a question whether the Court will review the Legislature’s violation of its own rules. Rather, it is a question whether, in violating the Legislature’s rules, the Secretary of the Senate exceeded her authority and violated the state constitution.
I would hold that the additions rendered the act invalid. The Legislature should be instructed to pass a new act, following the precepts laid down in the Michigan Constitution. It is for the Legislature, not this Court and not the Secretary of the Senate, to fashion the bill so as to be legally valid.
THE BACKGROUND
The enrolled bill that the Legislature passed, 2001 PA 115, describes which state governmental units are to be within which congressional districts. The act refines the description where a county or a municipality is split, explicitly stating which census tracts and census blocks belong in which district.[1]
*623 The Senate passed the bill and sent it to the House of Representatives. The House amended and passed the bill, but later that day, recalled it to make five additions.[2] 2001 Journal of the House 1575. The House passed the amended bill and the Senate concurred in the amendment. The Senate ordered the bill enrolled.
After the House and the Senate adjourned, the Secretary of the Senate added two additional census tracts to the enrolled bill.[3] The two tracts contain 4,578 persons. Therefore, the bill the Governor signed allocated 4,578 persons in two census tracts to a congressional district the constituency of which had not been approved by the Legislature.
“OBVIOUS TECHNICAL ERRORS”
Defendants and intervenors defend the action of the Secretary of the Senate, arguing that Rule 12 of the Joint Rules of the Senate and House of Representatives permitted it. That rule states that the Secretary shall correct “obvious technical errors.”
[T]he Secretary of the Senate and Clerk of the House of Representatives, as the case may be, shall correct obvious technical errors in the enrolled bill or resolution, including adjusting totals, misspellings, the omission or redundancy of grammatical articles, cross-references, punctuation, updating bill or resolution titles, capitalization, citation formats, and plural or singular word forms.
*624 However, by no stretch of logic did the addition here involve an obvious technical error. First, the error is not in the nature of those listed in the rule. Where, as in Rule 12, the Legislature describes a concept by using a general term followed by specific examples, this Court applies the rule of statutory construction called “ejusdem generis.” Huggett v Dep’t of Natural Resources, 464 Mich 711, 718; 629 NW2d 915 (2001).
Under ejusdem generis, general terms are interpreted to include only items that are “of the same kind, class, character, or nature as those specifically enumerated.” Id. at 718-719. Here the general term is “obvious technical errors.” The specific terms describe minor, nonsubstantive clerical or grammatical errors. While more errors than those specified are envisioned, when ejusdem generis is applied, they should include solely errors of the same class as those that are listed.
The omission of census tracts does not involve a misspelling, a grammatical article, punctuation, a title, capitalization, citation format, or plural or singular word forms. It does not involve adjusting totals. It should be noted that the bill fails to contain a number representing the population in each listed census tract. Hence, one cannot tabulate the total population in any district by totaling the population of each tract appearing there. Presumably if, as defendants assert, 4,578 people were missing from District 15, one could have ascertained that fact if the tracts listed had included a number representing the population in each. However, even then, one could not have ascertained from the face of the bill that the missing tracts *625 were 416200 and 422900. Therefore, the error does not involve cross references, either.
What it does involve is the utter omission of vital, substantive information. This is an error of a different kind and class from the “obvious technical errors” listed in Rule 12.
Second, not only does the error here not pass legal scrutiny as an obvious technical error, it does not pass a plain language reading either. “Obvious” means “easily seen, recognized, or understood; open to view or knowledge . . . lacking in subtlety.” Random House College Dictionary (1988). A perusal of the bill as passed would never reveal that the tracts in question were missing. Documents outside the bill would have to be consulted to show it. Hence, as the error is not open to view or lacking in subtlety, it is not “obvious” in the commonly understood meaning of the word.
Defendants argue that the error was obvious because the total population in all the tracts intended for District 15 was listed in the act, 662,563 persons. They consider the error obvious because one can discover it by (1) consulting documents showing the number of people in each of District 15’s census tracts, figures not listed in the bill, then (2) totaling them to determine if they reach 662,563. If they do not, one knows that an error was made.
This argument confuses what is obvious with what is ascertainable. One must consult the census data for one county, eight cities, eight townships, and fifty-one census tracts to learn that the population figure stated in the bill for District 15 is not met. Once that has been completed, one knows only that an error has been made. It could be that the Legislature miscalculated the total population in District 15. It could *626 be that one or more tracts are missing. One could then search and compare against the bill lists of thousands of tracts to determine whether certain tracts are not included and which ones they are. Hence, even if the Court could ascertain that tracts 416200 and 422900 belong in District 15, it can scarcely be said that the mistake is an “obvious” technical error.

ANDERSON v ATWOOD DISTINGUISHED

The majority cites Anderson v Atwood[4] for the proposition that this Court will not review the Legislature’s failure to comply with its own rules of procedure. It is true that in Anderson we did not order recognition of an act that died after the Legislature withdrew it from the Governor. However, Anderson is inapposite to the case before us.
Here, the bill did not die because of an alleged violation of the rules. Rather, Rule 12 was used to alter the enrolled bill without the approval of the Legislature. As a consequence of the distinctly differing facts in the two cases, the legal question in this case is quite different. It is whether either a legislative rule or the constitution authorizes the Secretary of the Senate to add to an enrolled bill vital, substantive information not ascertainable from the bill that the Legislature omitted.
Anderson does not stand for the proposition that this Court will not review an action taken under a rule of legislative procedure when the action is proscribed by the constitution. The addition of substan *627 tive items to the bill in question by the Secretary of the Senate was an action proscribed by the constitution.
the applicability of ART 4, § 33 OF THE CONSTITUTION
The Michigan Constitution provides that no bill becomes law without the consent of a majority of the members elected to and serving in each house. Const 1963, art 4, § 26. It also provides that every bill passed by the Legislature must be presented to the Governor before it becomes law. Const 1963, art 4, § 33. It follows that, since the bill presented to the Governor in this case was not the one passed by the Legislature, the constitution was violated.
The majority finds that the changes made in the enrolled bill were technicalities; hence, they did not substantially alter the bill passed by the Legislature. The precedent of this Court does not support that finding. Rather, it establishes that the only changes permissible in the text of a bill between passage and submission to the Governor are the addition of words that (1) are not essential to the substance of the bill and (2) mislead no one. Michigan State Prison Bd of Control v Auditor General, 149 Mich 386; 112 NW 1017 (1907).[5]
*628 As has been demonstrated herein, the addition of two census tracts was essential to the substance of the bill. It is without contest that, without the addition, District 15 was incomplete and 4,578 people were left without a congressional district. Also, the addition is misleading. It causes one to believe that the Legislature intended the tracts to be in District 15. The truth appears to be that the Legislature had no position with respect to these tracts. It simply overlooked them.
A holding that the action of the Secretary of the Senate was unconstitutional would be in accord with our decision in Rode v Phelps[6] where we observed, relative to the role of the Legislature in lawmaking:
The people speak, in the enactment of laws, through the Legislature, acting within the limits of the Constitution; and any holding which would authorize or permit laws, or any part of any law, to be ordained or created in any other way, would be inconsistent with the logic of our free institutions, and dangerous to the safety and security of the liberties of the people.
It would be consistent, also, with our holding in Stow v Grand Rapids, 79 Mich 595; 44 NW 1047 (1890). In that case, we ruled that the inclusion of immediate effect by the Clerk of the House of Representatives was an unconstitutional addition to the bill passed by the Legislature.
This state has no case law allowing the addition of substantive items to a bill between passage and sub *629 mission to the Governor. What has been found to be nonsubstantive, by contrast, has been the omission of a word in an enrolled bill when the omission is obvious on the bill’s face. Board of Control, supra. Also nonsubstantative was the second alleged error in the bill in Stow, supra, because it involved a typographical error wrongly describing the act to be amended as an act from 1887, instead of 1877.
The majority’s use of these cases to justify the addition of substantive items like a census tract permits the Secretary of the Senate to engage in fact finding to determine legislative intent. It permits that individual to speak for the Legislature in a manner never before permitted in Michigan. The designation of voting districts is a legislative decision. Williams v Secretary of State, 145 Mich 447; 108 NW 749 (1906). It cannot be a mere technical correction for the secretary to add 4,578 people to a congressional district.
The case most nearly on point with the one before us was decided by the Supreme Court of Kansas. Harris v Shanahan, 192 Kan 183; 387 P2d 771 (1963). It involved apportionment of the Kansas Legislature. The bill submitted to the governor omitted a city of 8,800 people from any senatorial district.
The Kansas court rejected arguments that the omission was technical and that the court should correct it to prevent constitutional error. In so ruling, it observed:
We assume that the Intention of both houses of the legislature and of the governor was to enact a law which gave adequate senatorial representation to every citizen of Kansas, including the residents of the city of Leawood. No one questions that fact. But we are confronted with what *630 was done, not what the legislature may have really intended to do. [Id. at 786.]
In Harris, as here, the bill passed by both houses of the legislature was not the bill submitted to and signed by the governor. The Kansas court found that the defect was one that the legislature alone could correct.
Since the bill submitted to the Governor in the case before us contained substantive, not technical, additions, it was not the bill passed by the Legislature. And since the bill passed by the Legislature was never submitted to the Governor, art 4, § 33 of the Michigan Constitution was violated.
CONCLUSION
I would hold the Secretary of the Senate’s modification invalid because it violates legislative Rule 12 and, most significantly, it violates the Michigan Constitution. Adding tracts to the description of a legislative district is both a substantive provision and it is misleading. A fair reading of Rule 12 based on plain meaning or a statutory construction using ejusdem generis will not permit us to construe the omission as an obvious technical error. The secretary’s change made a substantive alteration to the reapportionment bill. As a consequence, the bill passed by the Legislature was not submitted to the Governor, a violation of the Michigan Constitution. The bill that was passed was never submitted to the Governor. Hence it never became law.
The majority chooses to pass off as nonserious my conclusion that the Secretary of the Senate’s changes to the bill were substantive and not a mere adjust *631 ment of totals. However, it does seem serious to me (1) that 4,578 persons were added to a congressional district without a vote, or even the knowledge, of the Legislature, (2) that no figures can be found in this bill that, by any method, can be totaled or retótalled to assure us that 4,578 people are or are not missing from District 15, and (3) that no Michigan case law has ever condoned such a significant and unorthodox amendment to a legislative bill as the majority has approved here.
To remedy this troubling situation, the Court should avoid legislating. Rather, it should afford the Legislature the opportunity to heed its constitutional mandate to reapportion in accordance with art 4, § 33 of the Michigan Constitution.
If there is to be a judicial determination of congressional reapportionment, it should occur only after the Legislature has shown itself unable to perform its constitutional duty to reapportion.
After remand, should the Legislature be unable to pass a valid reapportionment bill and give it immediate effect, it may return to this Court, seeking further and timely relief.[7] Because of the increasingly short timetable involved in preparing for the congressional elections, this Court should retain jurisdiction of the matter.
It is regrettable that an error on the part of the Secretary of the Senate should defeat the action of the Legislature. This is especially true as the congressional reapportionment law is of great public impor *632 tance. However, my strict application of the law calling for full compliance with constitutional requirements is, talcing the long view, a sound one and in the interest of good government.

 For example, the description of the Second Congressional District begins as follows:
District 02
Allegan County (part)
Dorr twp (part)
Tract 030401 including block(s)
1006, 1007, 1008, 1009 ____

 It was discovered that five census tracts had not been included. The procedure used to insert them is the one that should have been used for the two tracts in question here.

 The two census tracts are 416200 and 422900. At oral argument, the intervening defendants informed us that these tracts lie between Districts 7 and 15. The plaintiffs have not agreed that these tracts belong where the Secretary of the Senate placed them.

 273 Mich 316; 262 NW 922 (1935).

 In Board of Control the enrolled bill accidentally left out the word “thousand” in one place when designating $175,000 for the construction of a binder-twine plant at Jackson prison. The bill passed by the Legislature correctly cited the amount. This Court found the omission to be unsubstantial because the word “thousand” was nonessential. It was clear from the text of the bill that the intent of the Legislature was to appropriate $175,000.
By contrast, it is not clear from the text of the bill here that the Legislature intended any more tracts to be included in District 15, much less *628 which tracts. It can only be hypothesized after prolonged study of census data. That is why Board of Control does not support the majority’s argument, but instead cuts against it.

 80 Mich 598, 609; 45 NW 493 (1890).

 See Reynolds v Sims, 377 US 533; 84 S Ct 1362; 12 L Ed 2d 506 (1964); California Assembly v Deukmejian, 30 Cal 3d 638; 180 Cal Rptr 297; 639 P2d 939 (1982).