JULIET TAYLOR v. THE LAKE SHORE & MICHIGAN SOUTHERN
RAILROAD COMPANY.

*Municipal ordinances—Private actions do not lie for breach of public duties.*

An ordinance requiring all persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice cannot bring private actions against the owners of the premises.

Breaches of public duty must be punished in some form of public prosecution, and not by way of individual recovery of damages; though when the duty imposed is for the protection and benefit of a particular individual or class, as well as for that of the public, there may be an individual right of action for individual injury, as well as a public prosecution.

When a municipal charter empowers the common council to regulate the care of sidewalks for the public benefit, and provides that lot owners shall be liable to the city for all damages which the city may be compelled to pay for the default in neglecting to observe such regulations, no action against a lot owner can arise, if at all, until after the city has been held liable in a suit against it.

Error to the Superior Court of Detroit.  Submitted October 15, 1880.  Decided January 5, 1881.

CASE.  Plaintiff brings error.  Affirmed.

*Griffin & Dickinson* and *Henry M. Campbell* for plaintiff in error.  The breach of a duty imposed by statute for the benefit of individuals will sustain a remedy at common law if an individual is thereby injured: *Couch v. Steel* 3 El. & Bl. 402; *Chicago & Alton R. R. v. Engle* 76 Ill. 317; *Correll v. B. C. Railroad* 38 Iowa 120; *Jetter v. N. Y. C. & H. R. R. R.* 2 Keyes 154; *Willy v. Mulledy* 78 N. Y. 310; *Dudley v. Mayhew* 3 N. Y. 15; *Augusta &c. R. R. v. McElmurry* 24 Ga. 75; *Wakefield v. Conn. &c. R. R.* 37 Vt. 330; 1 Addison on Torts, § 59; where an action lies against a city for an injury caused by neglect to observe an ordinance and the city can recover from the individual from whose default the injury arose, the person injured may

bring suit against the individual in the first instance. *Lowell v. Spaulding* 4 Cush. 277 ; *Payne v. Rogers* 2 H. Bl. 350 ; *Boston v. Worthington* 10 Gray 496 ; *Kirby v. Boylston Market Association* 14 Gray 249 ; *Milford v. Holbrook* 9 Allen 18.

*Ashley Pond*, for defendant in error, cited against the right of action *Flynn v. Canton Co.* 40 Md. 312 ; *Van-Dyke v. Cincinnati* 1 Disney 532 ; *Heeney v. Sprague* 11 R. I. 456 ; *Keokuk v. Independent District* 52 Iowa (5 N. W. Rep. 559).

COOLEY, J.   The plaintiff sues the railroad company to recover compensation for an injury suffered by her in consequence of slipping and falling upon ice which had formed on a sidewalk in front of premises occupied by defendant in the city of Monroe, and which the defendant had failed to remove as required by law.   It is not claimed that any such action would lie at the common law, and the right of recovery is supposed to arise from certain state and municipal legislation.

The state legislation in question is the general act for the incorporation of cities, passed in 1873, under which the city of Monroe is now organized.   Chapter XXIII of this act relates to the sidewalks.   Section one gives the city council control of all sidewalks, with power to construct and maintain the same and charge the expense thereof upon the lots and premises adjacent to and abutting upon such walks.   Section two empowers the council to require the owners and occupants of adjacent lots to construct and maintain sidewalks, and section three is as follows : " The council shall also have power to cause and require the owners and occupants of any lot or premises to remove all snow and ice from the sidewalks in front of or adjacent to such lot and premises, and to keep the same free from obstructions, encroachments, incumbrances, filth, and other nuisances."

Section four provides that if any owner or occupant shall fail to perform any duty required by the council in respect to sidewalks, the council may cause the same to be performed,

and levy a special assessment to meet the expense on the lot or premises adjacent to and abutting on the sidewalk.

Section six is as follows: " If any owner, occupant, or person in charge of any lot or premises shall neglect to repair any sidewalk in front of or adjacent to such premises, or to remove any snow or ice therefrom, or to keep the same free from obstructions and incumbrances, in accordance with the requirements of the ordinances and regulations of the council, he shall be liable to the city for the amount of all damages which shall be recovered against the city for any accident or injury occurring by reason of such neglect." General Laws 1873, pp. 244, 325, 326.

Acting under the authority conferred by this act, the city council adopted an ordinance whereby it was provided that the owner or occupant of any house or building, or person entitled to the possession of any vacant lot, or person in charge of any church or other public building, or any street, alley or public space, shall not permit the sidewalk and gutter adjoining the same to be obstructed by snow, ice, filth, dirt or other incumbrance, and where ice is formed on any sidewalk and gutter, such owners, occupants, or persons having charge, or entitled to possession of property adjoining, as above provided, shall within twenty-four hours after the same has formed remove the same or cause sand, sawdust or ashes to be strewn thereon.

The defendant, it is alleged, failed to remove within twenty-four hours as required by this ordinance, the ice which had formed on the sidewalk in front of its premises, and the plaintiff sustained a severe injury by slipping and falling thereon.

It is said on behalf of the plaintiff that the obligation to keep the sidewalks free from snow and ice is imposed as a duty to all persons who may have occasion to use the walks in passing and repassing, and that the neglect to do so, in consequence of which any one lawfully using the walk is injured, is a neglect of duty to him, and entitles him on well-recognized principles to maintain an action. *Couch v. Steel* 3 El. & Bl. 402; *Aldrich v. Howard* 7 R. I. 214.

To maintain this proposition it is necessary to make it appear that the duty imposed was a duty to individuals rather than a duty to the whole public of the city ; for if it was only a public duty it cannot be pretended that a private action can be maintained for a breach thereof.   A breach of public duty must be punished in some form of public prose-cution, and not by way of individual recovery of damages. Nevertheless the burden that individuals are required to bear for the public protection or benefit may in part be imposed for the protection or benefit of some particular individual or class of individuals also, and then there may be an individual right of action as well as a public prosecution if a breach of the duty causes individual injury.   *Atkinson v. Water Works Co.* L. R. 6 Exch. 404.

The nature of the duty and the benefits to be accomplished through its performance must generally determine whether it is a duty to the public in part or exclusively, or whether individuals may claim that it is a duty imposed wholly or in part for their especial benefit.   In this case the duty was to keep the sidewalks free from obstructions.   It will not be claimed that this was not a duty to the whole public of the city, and the disputed question is whether it is also a duty to each individual making use of the walks.

An obstruction by snow or ice may make the use of a walk dangerous, or may wholly preclude its use for the purpose for which walks are constructed.   If the duty to keep the walk free from obstructions is a duty to individual travelers desiring to use it, it is as much broken when the walk is wholly obstructed as when it is capable of use but is danger-ous, and an action will as much lie by one who is compelled to go around an obstruction, as by one who slips and falls in a dangerous place.   Moreover as the lot owner is required to keep the walk free from all nuisances, an individual traveler who can maintain the proposition that this is a duty to him must be entitled to bring suit whenever the existence of a nuisance diminishes either the comfort or the safety of the use of the walk by him.   This view of the obligation of the lot owner would add greatly to his common-law liabilities,

and it is not easy to draw the line which should definitely limit and confine his liabilities.

But if we look a little further into the statute under which the city is incorporated, we shall see that all its provisions respecting sidewalks, so far as they impose duties upon the owners of adjoining or abutting lots, have one common object, namely, to provide suitable and safe passage-ways for foot passengers by the side of the public streets, and to keep these in condition for safe use.   The expense of such ways is imposed on the owners of adjacent lots, and these owners must keep them free from encroachments.  Will it be claimed that if the city council shall require a lot owner to construct a sidewalk in front of his premises, and he shall fail to obey the requirement, every person who should come upon the street desiring to pass on foot where the walk should be, and who shall be precluded from doing so by the walk not being constructed, may bring suit against the lot owner for the neglect to build it as a neglect of duty to the traveler himself?   He is damnified in that case as clearly as when he falls upon a dangerous walk and is hurt; though the damage may perhaps be insignificant.

But it is clear, we think, that the duty to build the walk is only a public duty, and the duty to keep it in condition for use is also a public duty.   Exactly what force is to be given to the provision of statute that the lot owner shall be liable to the city for all damages which the city may be compelled to pay for his default, we need not consider in this suit.   It is enough to say here that an action grounded on that particular provision of the statute could only arise after the city had been rendered liable in a suit against it.

If the statute contemplated public duties only, the city ordinance could not go further and give individual rights of action.   But neither, we think, has it attempted to do so.

The judgment of the circuit court must stand affirmed with costs.

The other Justices concurred.