THOMAS LYNCH v. BELA HUBBARD, THE CITY OF DETROIT, AND THE DETROIT STEEL & SPRING COMPANY.

*Municipal corporations—Defective sidewalks—Liability of lot-owner—Action.*

1. No liability exists at common law, either on the part of the municipality or the lot-owner, for the absence of a sidewalk, or for neglect to repair one which is in existence; citing *City of Detroit v. Blackeby*, 21 Mich. 84; *Taylor v. Railroad Co.*, 45 Id. 74; *City of Detroit v. Chaffee*, 70 Id. 80.

2. The charter of the city of Detroit provides that if a lot-owner

neglects to construct or repair a sidewalk, as ordered by the common council, within the time prescribed by the notice required to be given him by the board of public works upon the making of such order, and the city is compelled to pay damages for injury to any person on account of such neglect, the lot-owner shall be liable to the city for the amount of damages so paid, and the same may be collected in an action of debt in the proper court. And it is held:

*a*—That the lot-owner is not liable, unless he has failed to construct or repair the sidewalk within 10 days after notice served upon him, and after the common council has ordered its construction or repair.

*b*—That the board of public works has no authority to give the notice, except upon the resolution of the common council.

*c*—That the charter nowhere authorizes or contemplates that the injured party may bring suit against the lot-owner, such right of action being given to the city alone.

Error to Wayne. (Brevoort, J.) Submitted on briefs April 12, 1894. Decided June 16, 1894.

Negligence case. Plaintiff and defendant Hubbard bring error. Reversed as to defendant Hubbard, and judgment entered in his favor. Reversed as to defendant city, and a new trial ordered. Affirmed as to defendant Detroit Steel & Spring Company. The facts are stated in the opinion.

*James H. Pound,* for plaintiff.

*H. E. Spalding,* for appellant Hubbard.

*John J. Speed* (*T. T. Leete, Jr.,* of counsel), for defendant city of Detroit.

*Wells, Angell, Boynton & McMillan,* for defendant Detroit Steel & Spring Company.

GRANT, J. Plaintiff claimed to have been injured by falling into a hole in a sidewalk upon one of the streets of the defendant city, and opposite a vacant lot owned by the defendant Hubbard. His ground of liability

against the city is the statutory duty to keep its sidewalks in condition fit for travel; against the defendant company, that it broke the sidewalk by driving its teams across it; and against the defendant Hubbard, that he was the owner of the lot, and neglected to construct a sidewalk after service of notice upon him by the city to do so.. The jury rendered a verdict in favor of the defendants the city and the steel and spring company, and against the defendant Hubbard for the damages which they found the plaintiff had sustained.

1. Defendant Hubbard appeals, and plaintiff appeals from the judgment in favor of the city and the steel and spring company. The jury found that the steel and spring company did not break the sidewalk at the point where the plaintiff was injured. The non-liability on its part has therefore been established, and all question of its liability is eliminated from the case. There was no evidence tending to show that it caused the defect in the walk by driving its teams over it at the point where the accident occurred.

2. The jury evidently established the non-liability of the city upon the basis of the liability of Mr. Hubbard. The liability of the city is statutory. No liability exists at the common law, either on the part of the municipality or the land-owner, for the absence of a sidewalk, or for neglect to repair one which is in existence. *City of Detroit v. Blackeby*, 21 Mich. 84; *Taylor v. Railroad Co.*, 45 Id. 74; *City of Detroit v. Chaffee*, 70 Id. 80.

A lot-owner in the city of Detroit is not liable for damages resulting from the failure to construct or repair a sidewalk unless he has failed to construct or repair it within 10 days after notice served upon him, and after the common council has ordered its construction or repair. Charter, chap. 7, § 57. In this case the council had taken no action, nor was Mr. Hubbard notified to construct the

walk, 10 days previous to the date of the injury. A side-walk inspector, purporting to act in behalf of the board of public works, had served such notice more than 10 days prior to the accident, not upon Mr. Hubbard, but upon a Mr. Hanes, supposed to be his agent. This notice, purporting to be from the board of public works, was without authority. The board has no authority in such cases to act, except upon the resolution of the council. To hold otherwise would result in establishing the rule that the board of public works, and not the common council, may not only establish the liability for damages, but impose taxation by the construction of walks. Charter, chap. 11, § 9.

The lot-owner cannot be sued by the injured party, because neither the common law nor the statute gives him the right of action. The charter nowhere, either directly or impliedly, authorizes or contemplates that the injured party may bring suit against the lot-owner. The charter provides that if the lot-owner neglects to construct or repair a sidewalk, as ordered, within the time prescribed by the notice, and the city is compelled to pay damages for injury to any person on account of such neglect, the owner shall be liable to the city for the amount of damages so paid, and the same may be collected in an action of debt in the proper court. The sole condition of the lot-owner's liability is its establishment by a judgment against the city in favor of the injured party, and then the right of action is given to the city alone. *Taylor v. Railroad Co., supra.*

There are other errors for which the case should be reversed, but as they cannot arise upon a new trial, under this decision, we need not discuss them.

It is insisted that plaintiff, upon his own evidence, is guilty of contributory negligence. Under the record as it now stands, we do not think it necessary to pass upon that question.

The judgment as to defendant the Detroit Steel & Spring Company is affirmed. The judgment against the defendant Hubbard is reversed, and judgment entered in this Court in his favor. The judgment as to the city of Detroit is reversed, and a new trial ordered. Defendant Hubbard will recover his costs in both courts; and the defendant the Detroit Steel & Spring Company, in this Court.

The other Justices concurred.