LEVENDOSKI *v.* GEISENHAVER.

1. HIGHWAYS AND STREETS—SIDEWALKS—REPAIR—COMMON LAW.
   No duty is imposed upon an adjoining owner to keep a sidewalk in repair in the absence of a statute or ordinance to the contrary.

2. MUNICIPAL CORPORATIONS—REPAIR OF SIDEWALKS BY ABUTTING OWNER—ORDINANCES.
   A municipal ordinance providing that "no person shall permit any sidewalk which adjoins property owned by him to fall into a state of disrepair or be unsafe" does not impose upon the adjoining owner a civil liability to members of the public who may be injured by reason of the disrepair in the absence of further provision imposing such liability (City of Warren Ordinance No 34, § 3).

3. SAME—REPAIR OF SIDEWALKS—ORDINANCES—LIABILITY OF ADJOINING OWNER.
   The imposition by a city of a duty upon an adjoining owner to keep sidewalks in repair by an ordinance which permitted the city to make immediate repairs to prevent the possibility of city liability for personal injury or property damage but did not provide that the city might sue the abutting property owner to recoup a claim it may have had to pay effected only the imposition of a duty upon the adjoining owner to the city (City of Warren Ordinance No 34, § 3).

4. SAME—DEFECTIVE SIDEWALKS—LIABILITY FOR INJURY.
   A city has the primary responsibility for the maintenance and control of its sidewalks as well as a liability to those injured by defective sidewalks (CL 1948, § 242.1).

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 25 Am Jur, Highways §§ 65, 365, 366.
   Liability of abutting owner or occupant for condition of sidewalk, 88 ALR2d 331.

5. Negligence—Defective Sidewalks—Ordinances.

Summary judgment was properly entered for defendants in plaintiffs' actions for personal injuries sustained by reason of defective sidewalk adjoining defendants' property, where city ordinance merely provided that "no person shall permit any sidewalk which adjoins property owned by him to fall into a state of disrepair or be unsafe", there being no liability imposed thereby upon the adjoining property owner to users of the sidewalk (City of Warren Ordinance No 34, § 3).

Appeal from Macomb; Holbrook (Donald E.), J., presiding. Submitted November 4, 1964. (Calendar No. 53, Docket No. 50,644.) Decided April 9, 1965.

Complaint by Joseph Levendoski and Myrtle Levendoski against Rollen Geisenhaver and Ruth Geisenhaver for alleged injuries arising out of an alleged fall on a defective sidewalk adjoining defendants' property. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*L. Edwin Wenger* (*Ray H. Boman*, of counsel), for plaintiffs.

*Eggenberger, Eggenberger & Ashton*, for defendants.

Per Curiam. Plaintiff Myrtle Levendoski sustained injuries from a fall allegedly resulting from a defective sidewalk adjoining property owned by the defendants. Plaintiffs brought suit on the theory that defendants breached a duty to them imposed by Ordinance No 34, § 3, of the city of Warren. It provides:

"No person shall permit any sidewalk which adjoins property owned by him to fall into a state of disrepair or be unsafe."

Defendants were granted summary judgment on the ground that the ordinance does not create a cause of action against an abutting property owner in favor of one injured by a defective sidewalk.

In the absence of a statute or ordinance to the contrary, the general rule is that there is no duty on an adjoining owner to keep a sidewalk in repair. *City of Detroit* v. *Chaffee,* 70 Mich 80, 85; annotation 88 ALR2d 331, 340. *Grooms* v. *Union Guardian Trust Co.,* 309 Mich 437, held that an ordinance of the type involved here does not change the general rule. In that case the ordinance read (p 438):

"No person * * * shall permit any snow or ice to remain on the sidewalks in the front, rear or sides of any house * * * owned * * * by him * * * longer than 24 hours after it has fallen or formed."

The Court approved the rule announced in *Taylor* v. *Lake Shore & M. S. R. Co.,* 45 Mich 74 (40 Am Rep 457):

"An ordinance requiring all persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice cannot bring private actions against the owners of the premises."

This is in accord with the weight of American law. 88 ALR2d 331, 354. An ordinance of the type involved here does result in liability when it expressly provides for such liability. 88 ALR2d 331, 358.

The rule is stated in 63 CJS, Municipal Corporations, § 861, p 227, as follows:

"Liability of an abutting owner or occupant for injuries to a traveler through failure to maintain a sidewalk in repair ordinarily will not grow out of statutes or ordinances requiring him to construct

or repair sidewalks or merely declaring that a sidewalk in dangerous condition is a nuisance and unlawful; but such liability may be imposed by express statutory provision."

It is of some significance that in this case the ordinance permits immediate repair of a sidewalk by the city "to prevent the possibility of city liability for personal injury or property damage"; and does *not* provide that the city may sue the abutting property owner to recoup a claim it may have had to pay.

Since the duty here imposed upon a property owner is to the city which has the primary responsibility for the maintenance and control of its sidewalks as well as a liability to those injured by defective sidewalks, by virtue of CL 1948, § 242.1 (Stat Ann 1958 Rev § 9.591), in the absence of an express provision imposing liability on the property owner, there is none.

The trial court did not err. Affirmed. Costs to appellees.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.