BIVENS v GRAND RAPIDS

Docket No. 92160. Argued October 14, 1992 (Calendar No. 6). Decided
    August 31, 1993.

Barbara Bivens, as next friend of Tara Bivens, a minor, brought
    an action in the Kent Circuit Court against the City of Grand
    Rapids and the Kent Country Club, alleging that Tara was
    injured when she was thrown from her bicycle while riding on
    a public sidewalk adjacent to the club. The court, Donald A.
    Johnston, J., granted summary disposition for the club, finding
    that it owed no duty of care to the plaintiff to maintain the
    public sidewalk. Thereafter, the city filed a third-party com-
    plaint against the club, seeking indemnification for damages it
    might be required to pay the plaintiff, alleging that the club
    had breached a duty owed to the city under its ordinance by
    allowing the sidewalk to fall into disrepair, thus creating a
    dangerous condition. The court granted summary disposition
    for the club, finding that because the ordinance did not create a
    private right of recovery against the landowner, the city is not
    entitled to indemnification. The Court of Appeals, MICHAEL J.
    KELLY, P.J., and NEFF, J. (DOCTOROFF, J., concurring in the
    result only), affirmed in an opinion per curiam, finding that the
    city lacked authority to enact an indemnification provision
    (Docket No. 124765). The city appeals.

    In a unanimous opinion by Justice GRIFFIN, the Supreme
Court *held*:

    The city lacked authority to impose by ordinance an obliga-
tion on abutting property owners to indemnify the city.

    At common law a property owner is under no obligation to
repair and maintain an abutting public sidewalk. Such an
obligation arises only when it is imposed pursuant to authority
granted by the state. Municipal corporations have no inherent
power. An ordinance enacted by the governing body of a home
rule city is valid only if it is consistent with the powers
conferred by the state and if it falls within the scope of
authority delegated by the electorate in the city charter. A city
may not validly enact an ordinance that contradicts limitations
expressly provided in its charter. In this case, read as a whole,
the charter provision imposes upon property owners only a
limited public duty with respect to abutting sidewalks. The

duty is not triggered until notice has been given by the city, and the liability of a landowner who fails to respond appropriately to a notice is limited to the expense incurred by the city in repairing the sidewalk. In light of the language of the charter, ordinance 4.84 is invalid. Thus, the city may not maintain a third-party action for indemnification.

Affirmed.

190 Mich App 455; 476 NW2d 431 (1991) affirmed.

*Janice Fuller Bailey,* Assistant City Attorney, for defendant City of Grand Rapids.

*Smith, Haughey, Rice & Roegge* (by *Susan Bradley Jakubowski*) for third-party defendant-appellee Kent Country Club.

Amici Curiae:

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Mary Massaron Ross*), for Michigan Municipal League.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham* and *Eileen W. Wicklund*), for Michigan Townships Association.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for Michigan Municipal Risk Management Authority.

*Nancy L. Bosh* for Auto Club Group Insurance Company and Michigan Association of Insurance Companies.

GRIFFIN, J. A local ordinance purports to impose upon the owner of property abutting a public

sidewalk the obligation to indemnify the City of Grand Rapids if the owner fails to maintain the sidewalk and if the city is required to pay damages to a person injured on the defective sidewalk. Because the city lacked authority to impose such an obligation, we conclude that indemnification is not available to the city under the circumstances presented here; and we affirm the result reached by the Court of Appeals.

I

In March 1989, Tara Bivens filed suit against the City of Grand Rapids and the Kent Country Club, complaining that she was injured when she was thrown from her bicycle while riding on a public sidewalk adjacent to property owned by the club. She alleged that the front tire of her bicycle hit a raised or uneven portion of the sidewalk, that the sidewalk was in a state of disrepair, and that the sidewalk was partially covered with ice and snow.

In response to the complaint, the club, owner of property abutting the sidewalk, moved for summary disposition under MCR 2.116(C)(8), claiming that a cause of action had not been stated because it owed no duty of care to an individual user of the public sidewalk. The trial court agreed and granted the motion. No appeal was taken from that order.

Shortly thereafter, the city filed a third-party complaint against the club, as the abutting property owner, seeking indemnification for any damages the city might be required to pay plaintiff Bivens for her injuries. In its third-party complaint, the city alleged that the club had breached

a duty owed the city under its ordinance 4.84[1] by allowing the sidewalk to "break up and crumble, thus creating a dangerous condition." This ordinance, according to the city, not only required the club to maintain the sidewalk in good repair, but also imposed upon the club, as the abutting owner, the obligation to "fully indemnify the City for any damages recovered against the City" as a consequence of the club's failure to maintain the sidewalk.

Once again, the club filed a motion for summary disposition under MCR 2.116(C)(8), and it was granted. The trial court relied on *Figueroa v Garden City,* 169 Mich App 619, 623; 426 NW2d 727 (1988), and its reasoning: "the city's ordinance . . . does not create a private right to recover against the landowner and . . . accordingly, the city is not entitled to indemnification."

On appeal, the Court of Appeals affirmed. 190 Mich App 455, 458; 476 NW2d 431 (1991). While it adopted the same *Figueroa* reasoning, the panel also rested its decision on the ground that the city lacked authority to enact such an indemnification provision.[2] 190 Mich App 458.

---

[1] Grand Rapids city ordinance 4.84 reads:

Responsibility and Liability for Sidewalks, Driveway Approaches and Retaining Walls. All sidewalks, driveway approaches and retaining walls within the City shall be maintained in good repair by the owner of land adjacent to or abutting upon the same. This maintenance shall include building, rebuilding and removing all obstacles, including snow and ice as required by Section 4.89. Said owner shall be liable to and fully indemnify the City for any damages recovered against the City by any person for neglect to keep these areas in good repair, and reasonably safe, fit and convenient for public travel. Said owner shall be liable to any injured person for violation of this Ordinance, and any injured person may recover the damages suffered by them directly from the property owner.

[2] The Court of Appeals determined that the city had no such authority in light of the governmental immunity act, MCL 691.1401

We then granted the city's application for leave to appeal. 439 Mich 1019 (1992).[3]

II

At common law, a landowner is under no obligation to repair and maintain an abutting public sidewalk. *Detroit v Chaffee,* 70 Mich 80, 85; 37 NW 882 (1888); *Levendoski v Geisenhaver,* 375 Mich 225, 227; 134 NW2d 228 (1965). Such an obligation arises only when it is imposed pursuant to authority granted by the state. *Chaffee,* 70 Mich 85; *Levendoski,* 375 Mich 227; see also 2 Restatement Torts, 2d, § 288(c), p 29.

Since 1918, the Grand Rapids city charter has included a provision adopted by vote of the electorate which in pertinent part reads:

> It shall be the duty of every owner of land situated in the City of Grand Rapids to build, rebuild, maintain and repair all sidewalks upon that part of the street or streets upon which said land abuts, at such times, in such manner, and of such materials as the City Commission may direct. *Notice to . . . repair such sidewalks, shall be given* in such manner as the City Commission may by ordinance or resolution provide, and *if such owner shall neglect or refuse to comply with such notice, the Director of Public Service may cause the said sidewalks to be . . . repaired . . . at the expense of the City, and . . . the City shall have a*

*et seq.;* MSA 3.996 *et seq.,* which, the Court said, occupies "the entire field of governmental liability . . . ." 190 Mich App 458.

[3] Our order granting leave to appeal did not limit or specify the issues to be considered. However, by subsequent order we invited additional briefing and requested that it focus on the questions whether a municipality may by ordinance delegate its duty to, or impose a separate duty upon, a private landowner to maintain a public sidewalk, provide for indemnification of the city for the landowner's failure to do so, and create a private cause of action by an injured person against the property owner. Unpublished order of the Supreme Court, entered October 27, 1992 (Docket No. 92160).

*lien on such land for such amount,* together with the costs, penalties and interests thereon, until paid. [Grand Rapids Charter, tit X, 208, § 23. Emphasis added.][4]

More recently, in 1984, the city commission adopted ordinance 4.84 which in pertinent part provides:

All sidewalks . . . within the City shall be maintained in good repair by the owner of land adjacent to or abutting upon the same. . . . *Said owner shall be liable to and fully indemnify the City* for any damages recovered against the City by any person for neglect to keep these areas in good repair, and reasonably safe, fit and convenient for public travel. *Said owner shall be liable to any injured person for violation of this Ordinance, and any injured person may recover the damages suffered by them directly from the property owner.*[5] [Emphasis added.]

Notwithstanding the final sentence of ordinance 4.84, which purports to allow any person injured on a defective sidewalk to bring a civil action against the abutting property owner, the trial court ruled, as already noted, that plaintiff's complaint failed to state a cause of action against the club. Because that decision was not appealed, the question whether a city may create such a private cause of action is not squarely before us. However, we find it unnecessary to reach that question in any event because the city's indemnification claim must fall for another fundamental reason: it lacked the authority to impose by ordinance an obligation on abutting property owners to indemnify the city.

---

[4] The complete text of this section of the Grand Rapids city charter is set forth in n 6.

[5] See n 1 for the complete text of the ordinance.

### III

Municipal corporations have no inherent power. They are created by the state and derive their authority from the state. *Marxer v Saginaw,* 270 Mich 256, 259; 258 NW 627 (1935). An ordinance enacted by the governing body of a home rule city is valid only if it is consistent with the powers conferred by the state in its constitution and statutes, and if it falls within the scope of authority delegated by the electorate in the city's charter. See Const 1963, art 7, § 22; *Home Owners' Loan Corp v Detroit,* 292 Mich 511, 515; 290 NW 888 (1940); *Thiesen v Dearborn City Council,* 320 Mich 446, 451; 31 NW2d 806 (1948).

In this case, the city argues that it derived authority to enact ordinance 4.84 from its charter as well as from constitutional and statutory provisions. The city refers to language in the state constitution reserving to cities "reasonable control of their highways, streets, alleys, and public places . . . ." Const 1963, art 7, § 29. Likewise, the city relies on language in the Home Rule Cities Act that authorizes cities to provide in their charters "[f]or the use, regulation, improvement and control of the surface of its streets, alleys and public ways, and of the space above and beneath them." MCL 117.4; MSA 5.2081(1).

For charter authority to enact ordinance 4.84, the city in its argument points only to the first sentence of tit X, 208, § 23 of the Grand Rapids charter, which imposes upon property owners a duty to maintain and repair the abutting sidewalk. The city argues that the first sentence, when coupled with the cited constitutional and statutory provisions, provides authority for the city to impose upon abutting landowners a duty of care running to individual users of the sidewalk as well

as an unlimited obligation to indemnify the city. However, in its argument, the city ignores limiting language which immediately follows that sentence:

> Notice to . . . repair such sidewalks, shall be given in such manner as the City Commission may by ordinance or resolution provide, and if such owner shall neglect or refuse to comply with such notice, the Director of Public Service may cause the said sidewalks to be . . . repaired . . . at the expense of the City, and . . . the City shall have a lien on such land for such amount, together with the costs, penalties and interests thereon, until paid.[6]

By ignoring this language, the city violates the established principle that general language in a charter must yield to specific language. *Brady v Detroit,* 353 Mich 243, 248; 91 NW2d 257 (1958).

---

[6] The complete text of the charter provision reads as follows:

It shall be the duty of every owner of land situated in the City of Grand Rapids to build, rebuild, maintain and repair all sidewalks upon that part of the street or streets upon which said land abuts, at such times, in such manner, and of such materials as the City Commission may direct. Notice to build, rebuild or repair such sidewalks, shall be given in such manner as the City Commission may by ordinance or resolution provide, and if such owner shall neglect or refuse to comply with such notice, the Director of Public Service may cause the said sidewalks to be built, rebuilt or repaired, as the case may be, at the expense of the City, and an accurate account of the expense thereof shall be certified to by the Director of Public Service and filed with the City Treasurer, and a duplicate thereof with the City Assessors. Said certified account shall contain an accurate description of the land abutting on said sidewalk, the expense of building, rebuilding or repairing such sidewalk, and the name of the owner of the land, if known, and if not such fact shall be stated in such account; the City shall have a lien on such land for such amount, together with the costs, penalties and interests thereon, until paid. A copy of such certified account shall be mailed to the owner, if known, by the Director of Public Service: Provided, however, that nothing in this section shall interfere with building sidewalks in connection with and as a part of necessary street improvements.

As one leading commentator has noted, "[w]here the general provisions of a charter are followed by particular provisions, the general provisions are limited and restricted by the particular provisions." 2 McQuillin, Municipal Corporations (3d ed), § 9.22, p 917.[7]

When read as a whole, it is clear that the 1918 charter provision imposes upon property owners only a limited public duty with respect to abutting sidewalks.[8] First, the duty of maintenance imposed by the charter is not triggered until notice has been given by the city. Further, the liability of a landowner who fails to respond appropriately to such a notice is limited to the expense incurred by the city in repairing the sidewalk, "together with the costs, penalties and interests thereon, until paid."

In light of this limiting language, the ordinance enacted in 1984 by the city commission represents a wide and inconsistent departure from the charter provision approved earlier by the Grand Rapids voters. The ordinance not only eliminates the triggering requirement of notice, but it purports to establish a new and different method of enforcement that would expose abutting landowners to

---

[7] As explained in *Brady:*

"It is an old and familiar principle . . . that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision." [*Id.* at 249, quoting 50 Am Jur, Statutes, § 367, pp 371-372.]

[8] The wording of the Grand Rapids 1918 charter provision is similar to language construed in *Levendoski,* where this Court held that such a provision created only a public duty on behalf of the landowners to maintain abutting sidewalks. See also *Taylor v Lake Shore & M S R Co,* 45 Mich 74; 7 NW 728 (1881).

unlimited civil liability. Nothing in the charter provision relied upon by the city contemplates the imposition of such a private duty running to all individual users of a sidewalk or the imposition of an obligation to indemnify the city for all damages that it might be required to pay to those injured on the sidewalk. Surely, it could not be seriously contended that the Grand Rapids voters intended to assume such unlimited liability when they voted in 1918 to approve this charter provision. Indeed, in earlier cases this Court has interpreted language similar to that found in this charter as imposing only a public duty punishable "in some form of public prosecution, and *not by way of individual recovery of damages." Taylor v Lake Shore & M S R Co,* 45 Mich 74, 77; 7 NW 728 (1881) (opinion of COOLEY, J., emphasis added); see also *Lynch v Hubbard,* 101 Mich 43; 59 NW 443 (1894).[9]

Michigan is strongly committed to the concept of home rule,[10] and constitutional and statutory provisions which grant power to municipalities are to be liberally construed.[11] However, a city may not validly enact an ordinance that contradicts limitations expressly provided in the city's charter.[12] The

---

[9] The city cites *Levendoski, supra,* for support because that Court in obiter dictum ventured the observation that "[a]n ordinance of the type involved here does result in liability when it expressly provides for such liability." *Id.* at 227. Aside from its status as dictum, this statement in *Levendoski* provides no guidance or authority in a case such as the one before us, where the ordinance relied upon is at odds with the city's charter. Clearly, a city is without authority to impose private liability upon abutting property owners when to do so would exceed limits established by specific language in its charter.

[10] *Alco Universal v City of Flint,* 386 Mich 359, 363; 192 NW2d 247 (1971).

[11] Const 1963, art 7, § 34.

[12] Of course, although a city has no authority to enact an ordinance that contradicts its charter a city may have authority to exercise powers not expressly stated in the charter. As noted by this Court in *Hanselman v Wayne Co Concealed Weapon Licensing Bd,* 419 Mich

charter of a city stands as its "constitution";[13] it is "the definition of [a city's] rights and obligations as a municipal entity, so far as they are not otherwise legally granted or imposed." *Jackson Common Council v Harrington,* 160 Mich 550, 552; 125 NW 383 (1910); see also *Sykes v Battle Creek,* 288 Mich 660, 662-663; 286 NW 117 (1939). Moreover, once adopted by a vote of the electors,[14] a city's charter may be amended only by a vote of the electors.[15] In short,

> an ordinance must conform to, be subordinate to, not conflict with, and not exceed the charter, and can no more change or limit the effect of the charter than a legislative act can modify or supersede a provision of the constitution of the state. [5 McQuillin, Municipal Corporations (3d ed), § 15.19, p 98.]

To permit otherwise, and allow a city commission to enact an ordinance contrary to the charter, would enable the commission to effectively amend the charter without subjecting the amendment to the scrutiny and approval of the local electorate. See, e.g., *Thiesen, supra,* 320 Mich 453.

Because the language used in the Grand Rapids charter imposes only a public duty of care upon abutting owners after proper notice from the city, and because the charter provides a different, specific remedy for breach of this duty, we hold that ordinance 4.84 is invalid. The city, therefore, may

168, 187; 351 NW2d 544 (1984), cities possess those powers "expressly conferred upon them by the state constitution or state statutes or which are necessarily implied therefrom." See also *Inch Memorials v Pontiac,* 93 Mich App 532, 535; 286 NW2d 903 (1979).

[13] *Streat v Vermilya,* 268 Mich 1, 6; 255 NW 604 (1934), citing *Paulsen v Portland,* 149 US 30; 13 S Ct 750; 37 L Ed 637 (1893).

[14] Const 1963, art 7, § 22; MCL 117.15; MSA 5.2094.

[15] MCL 117.21; MSA 5.2100.

not maintain a third-party action for indemnity against the country club under this ordinance.[16]

## IV

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, and MALLETT, JJ., concurred with GRIFFIN, J.

[16] Because the city ordinance goes beyond the specific power conferred in the city charter, it is unnecessary to consider the alternative basis of the Court of Appeals decision, that home rule cities are preëmpted from imposing civil liability on abutting owners by the governmental immunity act.