*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

UNPUBLICATION
March 21, 2019

Plaintiff-Appellant,

v

No. 339072
Ottawa Circuit Court
LC No. 17-004849-AV

ALLENDALE CHARTER TOWNSHIP
SUPERVISOR,

Defendant-Appellee.

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the circuit court's order affirming the district court's grant of summary disposition to defendant. We affirm.

## I. BACKGROUND FACTS & PROCEDURAL HISTORY

Plaintiff desired that the township require an adjacent property owner to submit a site plan for approval of the installation by the neighbor of a fence and dumpster enclosure on the neighbor's property. When the township administrator declined to do so, plaintiff filed an application to the township's zoning board of appeals requesting an interpretation of the township's zoning ordinance. The township required plaintiff to pay a $1,500 escrow fee, which plaintiff paid under protest. The township engaged the services of a company and a law firm to review and provide opinions regarding plaintiff's request. The township used the escrow funds instead of the township's general funds to pay for those services.

---

[1] We originally denied plaintiff's application for leave to appeal. *Forner v Allendale Charter Twp Supervisor*, unpublished order of the Court of Appeals, entered October 25, 2017 (Docket No. 339072). However, our Supreme Court remanded the case to us for consideration as on leave granted. *Forner v Allendale Charter Twp Supervisor*, 501 Mich 980; 907 NW2d 560 (2018).

After the zoning board of appeals ruled that the adjacent property owner had no obligation to submit a site plan, plaintiff sued defendant for fraud and unjust enrichment because it charged him the $1,500 escrow fee in relation to his application. Plaintiff alleged that the township lacked statutory authority to charge the fee. Defendant moved for summary disposition on the grounds that no dispute regarding any material fact existed and that defendant was entitled to judgment as a matter of law because the township had authority to request payment of escrow fees to defray the costs associated with an individual's request regarding zoning and zoning ordinance determinations. Defendant persuaded the district court that it had statutory authorization under MCL 125.3406(1) to charge the escrow fee, and the court dismissed plaintiff's complaint. Plaintiff appealed to the circuit court. He contended that MCL 125.3406(1) only authorized the township to charge fees for zoning permits and because he never sought any zoning permit and only wanted an interpretation of the township's zoning ordinances, the township could not charge him the escrow fee. The circuit court affirmed the district court's ruling after concluding that MCL 125.3406(1) permitted the escrow fee charge because plaintiff's request related to the legal question regarding land use.

Plaintiff argues that the circuit court erred because the township lacked authority to charge the escrow fee under MCL 125.3406(1), and therefore, the fee lacked legitimacy. He contends that, because he never sought a zoning permit, the only thing for which MCL 125.3406(1) permits charging a fee, the township committed fraud and unjustly enriched itself by charging and using the escrow fee funds. For the reasons explained in this opinion, we agree that the district court and the circuit court failed to properly interpret MCL 125.3406(1), nevertheless, we affirm the lower courts' rulings because both courts achieved the right result, albeit for the wrong reason.

II. ANALYSIS

We review de novo questions of statutory interpretation and application. *Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). Similarly, "[o]ur review of a circuit court's review of a district court's order is also de novo." *Noll v Ritzer (On Remand)*, 317 Mich App 506, 510; 895 NW2d 192 (2016). When courts interpret statutes created by the Legislature, they must first look to the specific statutory language to determine the intent of the Legislature, and if the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Universal Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003). "Judicial construction of a statute is only permitted when statutory language is ambiguous," and ambiguity exists "only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning." *Noll*, 317 Mich App at 511.

The interpretation of both the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq*. and MCL 125.3406(1) requires (1) reading the statute as a whole, (2) reading the statute's words and phrases in the context of the entire legislative scheme, (3) considering both the plain meaning of the critical words and phrases along with their placement and purpose within the statutory scheme, and (4) interpreting the statutory provisions in harmony with the entire statutory scheme. Courts may not intuit legislative intent from the absence of action by the Legislature. *McCahan v Brennan*, 492 Mich 730, 749; 822 NW2d 747 (2012). A "legislature

legislates by legislating, not by doing nothing, not by keeping silent." *Id*., quoting *Wycko v Gnodtke*, 361 Mich 331, 338; 105 NW2d 118 (1960).

In this case, the parties dispute whether MCL 125.3406(1) authorized defendant to charge the $1,500 escrow fee. The MZEA provides in relevant part that

> [a] local unit of government may provide by zoning ordinance for the regulation of land development and . . . regulate the use of land and structures . . . to ensure that use of the land is situated in appropriate locations and . . . to promote public health, safety, and welfare. [MCL 125.3201(1).]

Further, MCL 125.3406(1) provides:

> The legislative body may charge reasonable fees for zoning permits as a condition of granting authority to use, erect, alter, or locate dwellings, buildings, and structures, including tents and recreational vehicles, within a zoning district established under this act.

Here, one can easily discern from the language of the statute that the charging of reasonable fees as a condition for the issuance of zoning permits. Although the term "zoning permits" is neither defined by MCL 125.3406 nor by any other provision in the MZEA, the term's meaning lacks ambiguity and is easily understood in the context of MCL 125.3406(1) itself. MCL 125.3406(1) indicates that zoning permits grant authorization for land uses including the erection, alteration, or location of dwellings, buildings, tents and recreational vehicles within zoning districts established under the MZEA. Moreover, commonly, zoning permits are documents issued by a local government or authority to permit land to be used for a prescribed purpose.

Thus, the township could not rely on the plain language of MCL 125.3406(1) to charge the disputed escrow fee.

Next, we must consider whether there is any authority to charge defendant the escrow fee in dispute. "Townships have no inherent powers, but have only those limited powers conferred on them by the Legislature or by the state constitution." *Graham v Kochville Twp*, 236 Mich App 141, 146; 599 NW2d 793 (1999). The Michigan Constitution provides:

> The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution. [Const 1963, art 7, § 34.]

"Michigan is strongly committed to the concept of home rule, and constitutional and statutory provisions which grant power to municipalities are to be liberally construed." *Bivens v Grand Rapids*, 443 Mich 391, 400; 505 NW2d 239 (1993) (citation omitted). Local governments may exercise reasonable control to regulate matters of local concern in a manner and to the degree that the regulation does not conflict with state law. *City of Taylor v Detroit Edison Co*, 475 Mich 109, 117-118; 715 NW2d 28 (2006).

Charter townships are governed by Michigan's Charter Township Act, MCL 42.1 *et seq*. Under MCL 42.33, the provisions of the act are to be liberally construed in the interest of the public health, welfare, and safety of persons within such townships. Pursuant to MCL 42.1(2), charter townships have all the powers, privileges, immunities, and liabilities possessed by a township under MCL 41.1a *et seq*. Under MCL 42.5 a charter township's township board is vested with legislative authority and powers. MCL 42.15 in relevant part provides township boards the authority to enact ordinances and MCL 42.20(1) authorizes charter townships as follows:

> Legislation of a charter township shall be by ordinance or by resolution. A resolution shall be limited to matters required or permitted to be done by resolution by this act or by state or federal law and to matters pertaining to the internal affairs or concerns of the township government. Any other act of the township board, and any act imposing a sanction for the violation of the act, shall be by ordinance. "Resolution" means the official action of the township board in the form of a motion.

MCL 125.3603 defines the scope of a township zoning board of appeals' review as:

> (1) The zoning board of appeals shall hear and decide questions that arise in the administration of the zoning ordinance, including the interpretation of the zoning maps, and may adopt rules to govern its procedures sitting as a zoning board of appeals. The zoning board of appeals shall also hear and decide on matters referred to the zoning board of appeals or upon which the zoning board of appeals is required to pass under a zoning ordinance adopted under this act. It shall hear and decide appeals from and review any administrative order, requirement, decision, or determination made by an administrative official or body charged with enforcement of a zoning ordinance adopted under this act. For special land use and planned unit development decisions, an appeal may be taken to the zoning board of appeals only if provided for in the zoning ordinance.

> (2) The concurring vote of a majority of the members of the zoning board of appeals is necessary to reverse an order, requirement, decision, or determination of the administrative official or body, to decide in favor of the applicant on a matter upon which the zoning board of appeals is required to pass under the zoning ordinance, or to grant a variance in the zoning ordinance.

Under MCL 125.3603, the township board of appeals can review plaintiff's application requesting interpretation of the township's zoning ordinances. Under the Allendale Charter Township Zoning Ordinance, Art 28, § 28.02, the township's zoning board of appeals has jurisdiction to review decisions by administrative officials charged with the enforcement of the zoning ordinance and to act upon all questions that arise in the administration of the zoning ordinance. Under § 28.04, the zoning board of appeals has power to hear and decide any request for interpretation of the township's zoning ordinance.

Section 28.03A of the Allendale Charter Township Zoning Ordinance requires payment of fees by persons who submit appeals to the township's board of appeals:

All appeals from any order, requirements, decision, or determination of any administrative official shall be taken within such time as shall be prescribed by the Board of Appeals by general rule, by filing with the officer from whom the appeals are taken with the Board of Appeals a notice of appeal specifying the grounds thereof. The administrative official from whom the appeal is taken shall forthwith transmit to the Board of Appeals all the papers constituting the record upon which the action appealed was taken. *Each appeal or application to the Board of Appeals shall be accompanied by a filing fee as specified by resolution of the Charter Township Board.* [Emphasis added.]

In this case, the record reflects that plaintiff sought review by the township zoning board of appeals of the township zoning administrator's decision not to require plaintiff's neighbor to submit a site plan to the township's planning commission related to his installation of a fence and a dumpster enclosure. Plaintiff asserted that the zoning administrator's decision violated numerous provisions of the township's zoning ordinance because his neighbor's land use constituted a new use requiring site-plan approval. The township then required payment of the $1,500 fee under its Zoning Fee Escrow Policy enacted pursuant to the Township Board's Resolution 2011-2.

The Township Board passed Resolution 2011-2 and its fee structure because MCL 125.3406 authorized the charging of reasonable fees for zoning permits and zoning applications. The Township Board specifically referred to § 28.03A as authorizing the fees. It justified establishing escrow accounts by explaining in Resolution 2011-2 that review of applications often required the township to incur costs and it considered it reasonable and appropriate for applicants to bear such costs rather than the township's taxpayers. Resolution 2011-2 requires, upon determination by township officials the likely incurring of exceptional or unusual costs, the deposit of $1,500 into an escrow account. Resolution 2011-2 specified further that the township could draw from escrowed funds to reimburse itself for expenses incurred.

In *Bolt v Lansing*, 459 Mich 152, 161-162; 587 NW2d 264 (1998), our Supreme Court defined three criteria for a determination of the legitimacy of a fee charged by a municipality: (1) a fee must serve a regulatory purpose, (2) a fee must be proportionate to the necessary costs of the service, and (3) a fee is voluntary.

Resolution 2011-2 shows the specified fees serve a regulatory purpose as prescribed in the MZEA and the township's zoning ordinance. The fee schedule and the escrow account fees defined in Resolution 2011-2 were proportionate to the necessary costs of the services provided. Further, the fees were voluntary and similar to user fees charged for other services provided to local citizens. Additionally, the escrow fees applied to and could only be used to reimburse the township for actual costs incurred for the services necessary for the township, including the Zoning Board of Appeals, to carry out its duties.

## III. CONCLUSION

Both the district court and the circuit court erred by not interpreting and applying the plain language of MCL 125.3406(1). Consequently, both courts incorrectly concluded that the township had statutory authority under MCL 125.3406(1) to charge the disputed escrow fee.

Nevertheless, we affirm the lower courts' rulings because both courts achieved the right result, as Resolution 2011-2 authorized the imposition of the fee upon plaintiff.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica