*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALI BAZZI,

   Plaintiff-Appellant,

UNPUBLISHED
February 25, 2020

v

CITY OF DEARBORN HEIGHTS,

   Defendant,

and

ROBERT MEDLEY and MICHELE MEDLEY,

   Defendants-Appellees.

No. 345568
Wayne Circuit Court
LC No. 17-010535-NO

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendants Robert Medley and Michele Medley (the Medleys) in this premises liability case. We affirm.

## I. FACTUAL BACKGROUND

On November 26, 2016, at 8:45 p.m., without a headlamp or flashlight, plaintiff jogged on the public sidewalk in an area with no artificial illumination, located in front of the Medleys' house and caught his foot on a section of uneven cement, tripped, and fell. Several weeks before plaintiff's fall, the Medleys received notices from the city informing them that they were required by a local ordinance to repair the sidewalk in front of their house because it constituted a tripping hazard. After his fall, plaintiff sued the Medleys alleging both premises liability and ordinary negligence claims against them for failure to maintain the sidewalk in front of their house. Plaintiff also sued the city for failing in its statutory duty to maintain the sidewalk.

Defendants respectively denied plaintiff's allegations and after discovery the Medleys moved for summary disposition under MCR 2.116(C)(10) on the ground that they did not own or control the public sidewalk and had no liability under a premises liability theory. Alternatively, they argued that plaintiff's premises liability claim failed because the uneven sidewalk was open and obvious. The Medleys also argued that plaintiff's ordinary negligence claim failed because they did not owe plaintiff a duty of care under the terms of the local ordinance. In response, plaintiff argued that a jury could infer negligence from the Medleys' failure to comply with the requirements of the local ordinance. Plaintiff conceded that the Medleys did not possess or control the public sidewalk, which, plaintiff argued, barred the Medleys from asserting the open and obvious defense and necessitated plaintiff's claims be assessed under an ordinary negligence theory. In reply, the Medleys argued that their failure to comply with the local ordinance could provide evidence of negligence only if they owed plaintiff a duty of care. However, because no such duty existed, any failure to comport with the ordinance could not establish negligence. The trial court granted the Medleys summary disposition because they owed no duty to plaintiff.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014). When deciding motions made under MCR 2.116(C)(10) "a court considers affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party. Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). Whether a defendant owed a duty is a question of law we review de novo. *Morelli v City of Madison Heights*, 315 Mich App 699, 702; 890 NW2d 878 (2016).

## III. ANALYSIS

On appeal, plaintiff asserts that the trial court erred by holding that the Medleys did not owe him a duty of care because they assumed a duty when they affirmatively committed to the city that they would repair the uneven sidewalk as required by the local ordinance. In support of his contention, plaintiff has submitted to this Court documentation of e-mail communications between the Medleys and the city. Plaintiff, however, failed to raise this argument before the trial court and failed to present to the trial court the evidence he relies upon in his appeal in support of this new assertion. The trial court, therefore, neither considered the argument or the evidence, nor ruled on the issue first raised on appeal.

"Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court." *Hines v Volkswagen of America, Inc*, 265 Mich App 432 442; 695 NW2d 84 (2005). And, as a general rule, "a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Nevertheless, we have discretion to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citation omitted). Because "this Court's review is limited to review of the evidence properly presented to the trial court" when reviewing a motion for summary disposition, *Barnard Mfg Co,*

*Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 380; 775 NW2d 618 (2009), it is improper for us to rely on the extra documentation plaintiff has provided. See *Harkins v Dep't of Natural Resources*, 206 Mich App 317, 323; 520 NW2d 653 (1994) (stating that this Court's review is limited to the record before the trial court and cannot include reference to exhibits that "were not a part of the record below.") Thus, the facts necessary for review of plaintiff's unpreserved claim of error are not properly presented for review. However, to prevent injustice, we nevertheless exercise our discretion to review, more generally, plaintiff's claim that the trial court erred in granting summary disposition to the Medleys.

This Court reviews unpreserved issues for plain error. *Hogg v Four Lakes Assoc, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000) (quotation marks and citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, quotation marks and citation omitted).

Plaintiff asserts that the Medleys assumed a duty of care when they affirmatively agreed to repair the uneven pavement in front of their house. This assumption of a duty of care, plaintiff further argues, removes his claims from premises liability and places them into the category of ordinary negligence. However, because this is an erroneous characterization, we disagree.

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012) (citation omitted). When a plaintiff claims that his injury resulted from "an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. "[T]he gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted).

In his complaint, plaintiff plainly alleged that his injuries resulted from the uneven sidewalk in front of the Medleys' house, a dangerous condition on the land. The gravamen of plaintiff's complaint, therefore, sounded in premises liability. In the trial court, plaintiff attempted to recast his premises liability claim as an ordinary negligence claim by asserting that the Medleys' failure to maintain or timely repair the sidewalk created the dangerous condition. Nevertheless, the gravamen of his complaint centered on the defective condition on the land and not the Medleys' conduct. His attempt at recharacterization "does not transform the claim into one for ordinary negligence." *Id*. at 692. Thus, plaintiff's claim must be assessed under a premises liability framework.

Were plaintiff's claim to arise under an ordinary negligence theory, it would still be unsuccessful. "The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff. It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004) (quotation marks and citation omitted). While he does not reassert the claim before this Court, plaintiff argued

to the trial court that the local ordinance requiring property owners to maintain the sidewalks adjacent to their properties created a statutory duty of care to those using the sidewalks. Plaintiff argued that, by failing to comply with the provisions of the ordinance, the Medleys breached a duty of care owed to him. However, this overstates the provisions of the local ordinance.

Under Dearborn Heights Code of Ordinances § 28-28 "[i]t shall be unlawful for any person to cause or permit any sidewalk or apron adjoining his premises to fall into a state of disrepair— or to be unsafe for pedestrian or other travel." The Code of Ordinances further states that the city's building and engineering department (the department) is authorized to enforce the provisions of the code and that "[a] person who violates any provision of this chapter shall be responsible for a civil infraction." Dearborn Heights Code, § 28-30. It is the responsibility of the department to (a) determine whether a sidewalk needs to be repaired or replaced, (b) notify the owner of the adjacent property that such a determination has been made, and (c) if the property owner fails to repair or replace the sidewalk, repair or replace the sidewalk and charge the property owner the cost. Dearborn Heights Code, § 28-32.

As our Supreme Court noted in *Bivens v Grand Rapids*, 443 Mich 391, 395; 505 NW2d 239 (1993) (citations omitted), "[a]t common law, a landowner is under no obligation to repair and maintain an abutting public sidewalk. Such an obligation arises only when it is imposed pursuant to authority granted by the state." In support of this legal principle, our Supreme Court referenced the provisions of 2 Restatement Torts, 2d § 288(c), p 29, which provides "[t]he court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively . . . to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public . . . ." In its comment to this provision, the Restatement further states that these types of legislative enactments or administrative regulations "are intended to make the actor responsible to the state, rather than to any individual . . . ." Restatement, § 288, comment *d*, p 32. Our Supreme Court has consistently held that local ordinances requiring property owners to maintain sidewalks abutting their property in good repair impose a public duty rather than a private right of action for individuals using the sidewalk, unless the ordinance expressly imposes liability. *Levendoski v Geisenhaver*, 375 Mich 225; 134 NW2d 228 (1965); *Grooms v Union Guardian Trust Co*, 309 Mich 437, 438; 15 NW2d 698 (1944); *City of Detroit v Chaffee*, 70 Mich 80, 85-87; 37 NW 882 (1888).

The ordinances at issue here place an obligation on property owners to maintain the sidewalks adjacent to their properties, but the obligation is one to the public at large and not to a specific class of persons. Moreover, the ordinances do not expressly impose tort liability on noncompliant property owners nor create a private right of action against noncompliant property owners for individuals like plaintiff who are injured when using public sidewalks that have fallen into disrepair. Evidence presented to the trial court depicted the sidewalk in front of the Medleys' house in disrepair in violation of the city's ordinances. However, as this Court has held, "although violation of an ordinance may be some evidence of negligence, it is not in itself sufficient to impose a legal duty cognizable in negligence." *Summers v City of Detroit*, 206 Mich App 46, 52; 520 NW2d 356 (1994), citing *Ward v Frank's Nursery & Crafts, Inc*, 186 Mich App 120, 135; 463 NW2d 442 (1990). Because plaintiff has not successfully shown, either before us or the trial court, that the Medleys owed him a duty of care, his claim fails.

Under a premises liability analysis, plaintiff's claim that the Medleys owed him a duty also fails. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis*, 296 Mich App at 693 (quotation marks and citation omitted). However, "for a party to be subject to premises liability in favor of persons coming on the land, the party must possess *and* control the property at issue but not necessarily be its owner." *Finazzo v Fire Equip Co*, 323 Mich App 620, 627; 918 NW2d 200 (2018). Consequently, if a party does not possess or control the property upon which the dangerous condition exists, then "defendants are not subject to plaintiff's premises liability claim." *Id*. at 633. In the trial court, plaintiff conceded that the Medleys did not possess or control the public sidewalk in front of their house. Because the Medleys did not possess or control the sidewalk, they cannot be held liable, as a matter of law, for premises liability because they owed plaintiff no duty. The trial court correctly granted the Medleys summary disposition.

Further, the open and obvious doctrine also applied in this case. The duty owed by a landowner to a visitor on his or her property depends on the visitor's status at the time of an injury. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013). The Medleys have asserted, and we agree, that plaintiff had status as a licensee for the purposes of premises liability analysis. See *Pippin v Atallah*, 245 Mich App 136, 142; 626 NW2d 911 (2001). A premises possessor "owes a licensee only a duty to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "However, . . . no liability arises if the licensee knows or has reason to know of the danger, or if the possessor should expect that the licensee will discover the danger." *Pippin*, 245 Mich App at 143. If an open and obvious danger is one that "an average person with ordinary intelligence would have discovered upon casual inspection," *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012), then a premises possessor can reasonably expect a licensee will discover the danger. As a result, "a possessor of land has no obligation to take any steps to safeguard licensees from conditions that are open and obvious." *Pippin*, 245 Mich App at 143.

When determining whether a danger is open and obvious for purposes of summary disposition, courts "focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 524; 629 NW2d 384 (2001). It is undisputed that a section of the sidewalk in front of the Medleys' house was uneven where plaintiff fell and suffered injury. Photographic evidence presented to the trial court established that the pavement had a readily visible and apparent defective condition. This Court has held that "steps and differing floor levels, such as the uneven pavement . . . are not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Weakley v City of Dearborn Hts*, 240 Mich App 382, 385; 612 NW2d 428 (2000), remanded on other grounds 463 Mich 980 (2001) (citation omitted). The record in this case lacks evidence establishing that the danger presented by the uneven sidewalk was unique or went beyond the common danger posed by such condition. Plaintiff failed to establish that the uneven sidewalk posed an unreasonably dangerous condition. The evidence presented to the trial court established that an average person of ordinary intelligence could observe the open and

obvious condition.  Accordingly, the Medleys owed no duty to plaintiff.  The trial court, therefore, properly granted the Medleys summary disposition.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto